Della NOLD, Appellant,

v.

SELMER BANK & TRUST CO., Chero-
kee National Life Insurance Co. and
Joe T. Hutcherson, Appellees.

Court of Appeals of Tennessee,
Western Section.

June 20, 1977.

Certiorari Denied by Supreme Court
Nov. 7, 1977.

Arthur M. Fowler, Jr., Thomason, Crawford & Hendrix, Memphis, for appellant.

Joe C. Hailey, Hailey & Whitlow, Selmer, for appellee bank.

George C. Thomas, Jr., Thomas, Welles & Thomas, Dresden, for appellee insurance company.

MATHERNE, Judge.

The plaintiff sues the defendant bank alleging breach of duty wherein the bank negligently or fraudulently failed to notify the plaintiff and her deceased husband that a policy of credit life insurance on the life of the deceased husband had lapsed prior to the death of the husband. The defendant life insurance company is sued for the alleged wrongful acts of its agent, Joe T. Hutcherson, vice-president of the defendant bank.

The lawsuit was tried on oral testimony before the chancellor without a jury. At the close of the plaintiff's proof the chancellor granted the defendant's motion for a "directed verdict." Regardless of what the motion is called, we conclude that the motion was one for dismissal as allowed by Rule 41.02(2) Tennessee Rules of Civil Procedure. The plaintiff appeals from the ruling of the chancellor.

### I.

The record reveals that the plaintiff Della Nold and her husband, Lester Nold, executed a note payable to the order of the defendant Selmer Bank & Trust Company in the amount of $7,293.70, dated December 16, 1971, due one year after date, and bearing interest at the rate of 7 per cent per annum from maturity. This note was executed to replace two existing notes and no money was paid to the makers.

On that date the defendant insurer, acting through its agent Joe T. Hutcherson, who was also the executive vice-president of the defendant bank, issued a certificate of credit life insurance on the life of Lester Nold in the amount of the above indebtedness. The premium on the certificate of insurance was $100.65, which covered a period of 12 months from date. This premium was paid and the amount was included as a part of the loan represented by the note.

The plaintiff, Della Nold, testified that she and her husband always dealt with Mr. McCaslin, the president of the defendant bank. She stated that they had previously lived for 20 years on a farm owned by McCaslin. She stated that she and her husband had only about an eighth grade education and they trusted McCaslin in business affairs. She stated that on the occasion that the note was signed she and her husband went to Mr. McCaslin and he referred them to Mr. Hutcherson with whom they closed the transaction. Mrs. Nold stated that she understood that the note would be renewed and that no one contemplated that it would be paid on the due date. She also stated that Mr. Hutcherson told them that the insurance would remain in force during the time the debt was owing. She understood that they would have to make annual payments of interest and insurance premium.

During the 12 month period of the note it was determined that Lester Nold was suffering from cancer. Lester Nold died on November 1, 1973. In the meantime Mrs. Nold had, on April 10, 1973, paid the bank $516.32. Mrs. Nold stated that it was her understanding that the amount paid covered interest and premium on the policy. This understanding by Mrs. Nold is buttressed by the testimony of her son, David Nold. That witness stated that he called Mr. McCaslin by telephone and was told by him that $516.32 would take care of the "interest and insurance" on the note. At the time of the conversation Lester Nold

was in the hospital. David conveyed this information to his mother who then paid the amount to the bank. Mrs. Nold was not told that the amount paid covered only interest on the principal balance of $7,375.70 (arrived at by adding $82. house insurance premium to the note of $7,293.70). Based upon what Mr. McCaslin told her son, Mrs. Nold left the bank thinking that the interest and insurance premium were paid.

Della Nold testified that Mr. McCaslin visited the Nold's after her husband became ill and at that time assured them that credit life insurance covered the debt owed the bank. Curtis Evans, son-in-law of Mrs. Nold testified that he was with Lester Nold in the Bank of Selmer when Lester said to Mr. McCaslin that he had to get his note and insurance straightened up before he went to the hospital and Mr. McCaslin said "(w)e will take care of that for you." This conversation was only a week or two prior to the death of Lester Nold. This witness also testified that Lester Nold told him in June of 1973 that he (Nold) was glad he had credit life insurance on the bank loan because he did not think he would live long enough to pay it off. Billy Burnett testified that Lester Nold told him that he had credit life insurance on his home loan. This statement was made about one week before Lester Nold returned to the hospital where he died within three or four days after entry. The foregoing is a summary of the evidence pertinent to the disposition of this appeal.

## II.

When a Rule 41.02(2) motion is made, the trial court is to consider and weigh all the evidence, find the facts, apply the law to the facts, and render a decision. This is the procedure followed in the federal courts under Federal Rule 41(b). See *Moore's Federal Practice*, § 41.13. In a prior consideration of this lawsuit, this Court felt bound by the rule announced in *Butts v. Birdwell* (Tenn.App.1973) 503 S.W.2d 930, and remanded this lawsuit for a new trial. The ruling made in *Butts* is that on a Rule 41.02(2) motion the trial judge

must view the evidence most favorable to the plaintiff and allow all reasonable inferences in the plaintiff's favor. On petition for certiorari the Supreme Court filed the following Order in this cause on March 14, 1977:

Upon due consideration of the petition for certiorari, the briefs and written arguments of the parties, the Court concluded that the petition should be granted, that the judgment of the Court of Appeals should be reversed, and that this cause should be remanded to that Court for further consideration, unfettered by the rule announced in *Butts v. Birdwell*, Tenn.App., 503 S.W.2d 930 (1973) for evaluating the evidence in a non jury case when determining a motion to dismiss as provided by T.R.C.P. Rule 41.-02(2).

With that mandate, we apply to the trial court the rule followed by the Federal system and as outlined in *Moore, supra*.

On review by this Court of a judgment based on Rule 41.02(2) motion, this Court is governed by T.C.A. § 27–303. That statute provides that in non-jury lawsuits a review in this Court of any issue of law or fact shall be de novo upon the record of the trial court, accompanied by a presumption of the correctness of the judgment or decree of the trial court, unless the preponderance of the evidence is otherwise.

## III.

We affirm the chancellor in his dismissal of the lawsuit against the defendant insurer and defendant Joe T. Hutcherson as the agent of the insurer. The only statement attributed to Hutcherson as agent of the insurer is that, at the time the note was signed and the credit life certificate was issued, he told Mr. and Mrs. Nold that the insurance would remain in force for the life of the indebtedness. Mr. and Mrs. Nold were not misled to their detriment by that statement because Mrs. Nold testified that they understood that annual payments of premiums on the credit life policy would have to be made in order to keep the policy in force. There was no duty owed by

Hutcherson, as agent of the insurer, to go to Mr. and Mrs. Nold and tell them the renewal premiums had not been paid. There is no proof that the insurer or its agent Hutcherson refused to issue a renewal certificate of credit life insurance on the life of Lester Nold. There is no proof that a renewal of that insurance was requested by Mr. and Mrs. Nold, nor by the bank.

There was no certificate in force at the time of the death of Lester Nold. It is therefore immaterial whether the insurer complied with certain regulations of the State Department of Insurance and Banking as insisted upon by the plaintiff.

## IV.

A different picture is presented, however, on the position of Della Nold as against the defendant bank. From the proof as heretofore outlined, we find as a fact that: Lester Nold died believing he had credit life insurance covering the note owing to the bank; Mr. McCaslin did tell David Nold, son of the plaintiff, that a $516.32 payment would cover interest and insurance; Della Nold thought the $516.32 payment to the bank covered the premium on the credit life policy; Mr. McCaslin, president of the defendant bank did tell Lester Nold that "(w)e will take care of that for you" in answer to a statement by Nold that he wanted to straighten up the note and insurance prior his last entering the hospital; Mr. McCaslin also told Lester and Della Nold that they had credit life insurance on the note. With that proof in the record and unrefuted, we hold that the preponderance of the evidence is contrary to the ruling of the chancellor in relation to Della Nold's cause of action against the bank.

We are mindful that a discovery deposition of Joe Hutcherson, taken by the plaintiff, marked filed by the clerk and master on November 24, 1975, the day of the trial, has been sent to this Court along with the record. No part of that deposition was read into the evidence. We cannot consider that deposition because this lawsuit was heard on oral testimony before the chancellor and the mere filing of a discovery deposition with the clerk and master does not make the deposition a part of the record on review. Compare *Wilson v. Tranbarger* (1965) 218 Tenn. 208, 402 S.W.2d 449. See also Rule 26.04, Tennessee Rules of Civil Procedure, on the use of discovery depositions. That rule clearly contemplates that if the discovery deposition is to be used as evidence, that part so used must be offered in evidence. If only a part of the deposition is "offered in evidence," an adverse party may require the party to "introduce all of it which is relevant to the part introduced."

We conclude the chancellor erred in dismissing the lawsuit as to the defendant bank. This lawsuit is remanded to the Chancery Court sitting in McNairy County, Tennessee for a new trial as between the plaintiff and the defendant bank.

The cost of this appeal is adjudged against the defendant bank. The cost in the trial court will be there adjudged.

NEARN, J., concurs.

CARNEY, P. J., not participating.

## ON APPELLANT'S PETITION TO REHEAR

The plaintiff-appellant has filed a petition to rehear wherein she avers that this Court was in error when we stated in the original opinion that:

There is no proof that the insurer or its agent Hutcherson refused to issue a renewal certificate of credit life insurance on the life of Lester Nold. There is no proof that a renewal of that insurance was requested by Mr. and Mrs. Nold, nor by the bank.

The plaintiff does not challenge the accuracy of the quoted statement, but insists that the answer of the insurer and the answer of the agent, Hutcherson, to the amended complaint filed by the appellant admits a refusal to renew the insurance coverage.

The amended complaint states that neither the plaintiff nor her deceased husband "were ever informed or notified by Joe T.

Hutcherson from the inception of said note until the death of Lester Nold that the insurance policy was not in effect and no longer covered Lester Nold." That allegation was countered by the defendant insurer and by Hutcherson in their answers to the amended complaint wherein they allege that they refused to issue or renew a certificate to Lester Nold.

A fact question was thus presented, but no proof was tendered on the issue. We adhere to the challenged quotation as set out in the original opinion.

The petition to rehear is denied at the cost of the petitioner.

NEARN, J., concurs.

CARNEY, P. J., not participating.