IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

March 9, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

E1999-00024-COA-R3-CV

CYNTHIA Y. LONG,                    )    BLOUNT COUNTY
                                    )    03A01-9906-CV-00206
        Plaintiff-Appellant,        )
                                    )
                                    )
        v.                          )    HON. W. DALE YOUNG
                                    )    JUDGE
                                    )
CITY OF MARYVILLE,                  )
                                    )
        Defendant-Appellee.         )    REVERSED AND REMANDED

KEVIN SHEPHERD, Maryville, for Appellant

ROBERT H. WATSON, JR., Watson, Hollow & Reeves, P.L.C., for
Appellee

O P I N I O N

Goddard, P.J.

This appeal from the Circuit Court of Blount County concerns liability under the Tennessee Governmental Tort Liability Act, which grants immunity, subject to certain statutory exceptions, to governmental entities pursuant to Tennessee Code Annotated § 29-20-201.  Cynthia Y. Long, the Plaintiff/Appellant, appeals the Trial Court's judgment on directed verdict in favor of the City of Maryville, the Defendant/Appellee.

Ms. Long's sole issue, which we restate, is whether the Trial Court erred by granting the City's motion for a directed verdict at the close of her case in chief.  We reverse the judgment of the Trial Court and remand for further proceedings.

Around late October or early November 1994, Ms. Long and her friend, Susan Williams, began walking daily.  The women would walk each day after work, and during the first few weeks of

2

their walking program, they noticed several lights were out inside the Greenbelt Park in Maryville. Mrs. Williams' husband, Dr. Charles Williams, a Maryville chiropractor and one of Ms. Long's doctors, testified that he had contacted someone in the City's Parks and Recreation Division in either November or December 1994 about several lights being out in the park, although he could not remember with whom he spoke or exactly when he informed someone about the lights being out.

Ms. Long and Mrs. Williams were walking in the Greenbelt Park between 5:00 and 5:30 p.m. on January 5, 1995. The two women were walking near the water fountain in the park and noticed that the fountain still had water shooting into the air, although the temperature was at or below freezing. The two women were traveling downhill on the walking path and noticed that a lamppost had an orange tag on it and that the light was out. While continuing to walk down the path, Ms. Long stated that she felt a mist of water from the fountain on her face just

3

before she stepped on a patch of black ice on the path, fell, and hit her head on the pavement.

In his deposition, Rick Whaley, the public works manager for the City of Maryville, testified regarding the operation of the water fountain and the repairs to lighting in the Greenbelt Park. He stated that the fountain, which has been in the park at least since 1985, is set to operate from 9:00 a.m. until 5:00 p.m. during the winter months, regardless of the temperature. He further testified that he had no knowledge of a complaint about operating the fountain during freezing weather. With respect to the lighting on the Greenbelt, Mr. Whaley stated that if the lighting on the Greenbelt goes out and if the City receives notice that lighting is out, then Gary Johnson, the grounds maintenance supervisor, verifies that a light is out and reports it to the electric department for repair. According to Mr. Whaley, a report to repair some lights on the Greenbelt was made on November 23, 1994, and the repairs were completed by

4

December 2, 1994. Therefore, the City maintains that it checked the lights on the Greenbelt, identified the ones that were not functioning by putting tape around the lamppost, and repaired all of the lights that were not functioning by December 2, 1994.

Ms. Long testified that as a result of her injuries, she suffers from a sensitivity to high-pitched noises, as well as from migraine headaches, and has suffered permanent impairment.

We note first that the City moved for a directed verdict at the close of Ms. Long's case in chief. Because GTLA cases are nonjury proceedings, the proper motion is a motion to dismiss. See Tenn. Code Ann. § 29-20-307; Rule 41.02(2), Tennessee Rules of Civil Procedure. Our Supreme Court explained the difference between the two motions in City of Columbia v. C.F.W. Construction Company, 557 S.W.2d 734, 740 (Tenn. 1977):

5

Motions for a directed verdict are neither necessary nor proper in a case which is being tried without a jury. Motions for dismissal in non-jury cases under Rule 41.-02(2), Tennessee Rules of Civil Procedure, and motions for directed verdicts in jury cases under Rule 50, Tennessee Rules of Civil Procedure, are somewhat similar, but, there is a fundamental difference between the two motions, in that, in the jury case, the judge is not the trier of the facts while in the non-jury case he is the trier of the facts. In the jury case he must consider the evidence most favorably for the plaintiff, allow all reasonable inferences in plaintiff's favor and disregard all counteracting evidence, and, so considered, if there is any material evidence to support a verdict for plaintiff, he must deny the motion. But in the non-jury case, when a motion to dismiss is made at the close of plaintiff's case under Rule 41.02(2), the trial judge must impartially weigh and evaluate the evidence in the same manner as though he were making findings of fact at the conclusion of all of the evidence for both parties, determine the facts of the case, apply the law to those facts, and, if the plaintiff's case has not been made out by a preponderance of the evidence, a judgment may be rendered against the plaintiff on the merits, or, the trial judge, in his discretion, may decline to render judgment until the close of all the evidence. The action should be dismissed if on the facts found and the applicable law the plaintiff has shown no right to relief.

In an opinion of this Court, <u>Cole v. Clifton</u>, 833 S.W.2d 75 (Tenn. Ct. App. 1992), we addressed the standard of review as to such motions made at the conclusion of the Plaintiff's proof more specifically (at page 77):

> In reviewing a judgment in a nonjury case dismissing a proceeding at the close of plaintiff's proof, we review the case de novo on the record of the trial court, with a presumption of the correctness of the judgment unless the preponderance of the evidence is otherwise.  Tenn.R.App.P. 13(d); *Nold v. Selmer Bank & Trust Co.*, 558 S.W.2d 442, 444 (Tenn.App.1977).

In considering the issue before us, we note that causation was one of the grounds on which the Trial Court dismissed Ms. Long's case.  The Court stated that Ms. Long "did not put on any proof that any employee of the City of Maryville had committed a negligent act or omission."  After reviewing the record <u>de</u> <u>novo</u>, we are persuaded that, as the record now stands, an inference should be indulged that while making repairs, the City failed to repair the light which still had the tape affixed to the lamppost and that because the water fountain was operating

7

at freezing or below freezing temperatures, ice may have formed on the walking path.

We accordingly find that the evidence preponderates against the determination of the Trial Court.

For the foregoing reasons, the judgment of the Trial Court is reversed, and the cause remanded for further proceedings consistent with this opinion.  As Ms. Long has presented her case in chief, she is restricted to the proof in the record, and the City is now entitled to present its case.  Costs of appeal are adjudged against the City of Maryville and its surety.

_____
Houston M. Goddard, P.J.

CONCUR:


   (Dissenting Opinion)
Charles D. Susano, Jr., J.


_____

D. Michael Swiney, J.

9