IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs, October 23, 2001

## BILL CAMPBELL, as Executor of the Estate of Dorothy Campbell, v. BLOUNT MEMORIAL HOSPITAL

**Direct Appeal from the Circuit Court for Blount County**
**No. L-11726     Hon. W. Dale Young, Circuit Judge**

**FILED NOVEMBER 8, 2001**

**No. E2001-00717-COA-R3-CV**

Patient sustained injuries in defendant's emergency room. The Trial Court granted a Tenn. R. Civ. P. Rule 41.02(2) Motion to defendant. Plaintiff appealed. We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Kevin W. Shepherd, Maryville, Tennessee, for Appellant, Bill Campbell.

Carl P. McDonald, Maryville, Tennessee, for Appellee, Blount Memorial Hospital, Inc.

### OPINION

In this action for personal injuries sustained by the deceased,[1] essentially the gravamen at the time of trial was that while Dorothy Campbell was in the emergency room on a bed and "confused, disoriented, and suffering from a high fever", she fell from the bed, sustaining injuries. Her son Bill Campbell was with her, but left the room to make a phone call and when he

---

[1]Dorothy Campbell died during the pendency of this action from causes unrelated to the action, and the action was revived by her son, Bill Campbell, as Administrator of her Estate.

returned he found her lying on the floor with the bed rail down. The complaint then charges:

> . . . The defendant is guilty of negligence for the mere fact that they left a confused and disoriented woman unattended in a bed with the bed rail down, and that said negligence does not require expert medical proof, but is of a common knowledge, readily understood by a reasonable person.

Prior to trial, defendant filed a Motion for Summary Judgment which was acted upon by Judge D. Kelly Thomas, Jr. In the Court's Order, summary judgment was granted to defendant as to several allegations of "medical negligence", but the Court reserved judgment on plaintiff's claim "related to the side rails on the bed on which Dorothy was in the emergency room at defendant hospital". In framing the remaining issue, the Court said: "[W]hether or not the plaintiff must satisfy the negligence claim with expert medical evidence. . . ." At trial, Bill Campbell testified that he attended his mother in the emergency room and she was placed in a fairly large room with three or four beds in it. He testified that a young lady came in with a cart, he assumed was an "EKG thing". At the time he left the room there were two people there and he advised them that he was going to call his wife, and that when he returned to the room after making two phone calls, he saw his mother lying on the floor alone, and the rail on the bed was down.

Dorothy's attending physician, who examined Dorothy in the emergency room, testified that after examining Dorothy, the physician ordered her admitted to hospital with a diagnosis of "pneumonia, sepsis, dehydration, UTI." The doctor also testified that Dorothy's temperature within a few minutes of her arrival, was "essentially normal". The doctor also testified:

> Q.    At no time did you think it appropriate that there be any type of restraints applied to Mrs. Campbell because of the condition in which you found her at 7:10 p.m., December 19, 1997, correct?
>
> A.    Correct.
>
> Q.    It would have been inappropriate to restrain her?
>
> A.    Correct.

At the conclusion of plaintiff's proof, defendant made a Motion pursuant to Tenn. R. Civ. P. §41.02(2), and the Trial Court dismissed the action. Plaintiff has appealed to this Court.

The Rule allows the Court, after the plaintiff has presented her evidence, to dismiss the plaintiff's case upon finding the plaintiff "has shown no right to relief". Under these circumstances, it is the duty of the trial court to impartially weigh and evaluate the evidence in the same manner as though he were making a finding of fact at the conclusion of all the evidence for both parties, and if the plaintiff has not made out the case by a preponderance of the evidence, a judgment against the plaintiff on the merits is appropriate. *See City of Columbia v. C.F.W.*

*Construction Co.,* 557 S.W.2d 734 (Tenn. 1977).

Our review of such judgment is *de novo* upon the record of the Trial Court, accompanied by a presumption of the correctness of the Judgment, unless the evidence preponderates otherwise. *Nold v. Selma Bank & Trust Co.,* 558 S.W.2d 442 (Tenn. Ct. App. 1977).

Appellant cites to no regulations in the record that would require the bed rails to be up at all times, nor did he offer any expert evidence that due to the deceased's condition, that the bed rail should have been kept in place. However, plaintiff argues that the hospital personnel were negligent in not keeping the bed rails up at all times, and that expert testimony was unnecessary to establish such negligence. In the record before us there is insufficient evidence to establish a duty upon the hospital to have kept the bed rails up at all times. There is evidence that the deceased should not have been restrained, and the hospital's medical records state that plaintiff was trying to get out of the bed on her own when she fell.

We conclude that whether the bed rails should have been up, was a judgment requiring specialized skills, not ordinarily possessed by lay persons, or to be determined on the basis of every day common experience. *See Murphy v. Schwartz*, 739 S.W.2d 777, 779 (Tenn. Ct. App. 1986); *Dole v. Vanderbilt University*, 958 S.W.2d 117, 120 (Tenn. Ct. App. 1997).

The evidence does not preponderate against the Trial Judge's findings. Tenn. R. App. P. 13(d).

Finally, plaintiff argues that the Trial Court erred in dismissing plaintiff's case as it related to plaintiff's theory of breach of contract. The allegations of the Complaint fall within the ambit of tortious conduct involving medical diagnosis, treatment, and other scientific matters, as noted in *Teete v. Shelby County Healthcare Corp.,* 938 S.W.2d 693, 696 (Tenn. Ct. App. 1996), and on the record before us an action in contract is meritless.

For the foregoing reasons, we affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to the plaintiff Administrator, Bill Campbell.

_____
HERSCHEL PICKENS FRANKS, J.