Becky F. BREWER, et al.,
Plaintiffs-Appellants, and
Counter-Defendants,

v.

Scott HAYNES, et ux., et al.,
Defendants-Appellees, and
Counter-Plaintiffs,

and

Joseph P. Ridenour, et ux.,
Intervening Plaintiffs.

Court of Appeals of Tennessee,
Eastern Section.

Aug. 14, 1984.

Permission to Appeal Denied by
Supreme Court Dec. 17, 1984.

Thomas Privette, Jr., Knoxville, for plaintiffs-appellants and counter-defendants.

Jack W. Bowers, Knoxville, for defendants-appellees and counter-plaintiffs Haynes.

Gerant J. Maitlen, Knoxville, for defendants-appellees and counter-plaintiffs Jordan.

## OPINION

FRANKS, Judge.

This action by plaintiffs-purchasers to set aside the purchase of a retail ceramics business in Knoxville on the theory defendants fraudulently misrepresented the profitability of the business to plaintiffs, was dismissed by the chancellor at the conclusion of plaintiffs' proof.

On December 31, 1981, plaintiffs entered an agreement to purchase "all stock, inventory, merchandise, fixtures, equipment and accounts receivable at Debtors' retail ceramics business located at 7122 Commercial Park Drive, Knoxville, Tennessee." After operating the business for four months, they voluntarily closed the business and brought this action, asserting they were fraudulently induced by defendants to believe the business was profitable when, in fact, the operation of the business was determined to be unprofitable.

At the conclusion of plaintiffs' proof, which consisted of the testimony of the two plaintiffs and defendants' bookkeeper, who prepared defendants' business records, the chancellor, responding to defendants' motion to dismiss pursuant to T.R.C.P., Rule 41.02(2), observed:

> While fraud in equity may not require an intent or knowledge on the part of the Haynes [defendants] to misrepresent, the plaintiffs must show a reliance on a misrepresentation, and without a showing that the statement relied upon was, in fact, a misrepresentation, their case must fail.

A trial judge, when confronted with a motion to dismiss at conclusion of plaintiffs' proof in a bench trial, is required to impartially weigh and evaluate the evidence in the same manner as the judge would in making findings of fact at the conclusion of all the evidence. If the plaintiff has not made out a case by a preponderance of the evidence, a judgment may be properly entered against the plaintiff on the merits without hearing further evidence. *City of Columbia v. C.F.W. Const. Co.*, 557 S.W.2d 734 (Tenn.1977).

The chancellor's judgment is accompanied by a presumption of correctness in this court, T.C.A., § 27–3–103, and our re-

view of the evidence does not establish a misrepresentation of a material fact by defendants, which is required to establish fraud. *Graham v. First American Nat. Bank*, 594 S.W.2d 723 (Tenn.App.1979).

The basis of plaintiffs' claim for fraud is that during negotiations defendants' bookkeeper furnished plaintiffs with a statement of income and expenses covering the period of January 1 to September 30, 1981, reflecting a "net operating profit" of $8,743.92. The statement details inventories, purchases, gross profit and itemized operating expenses for the current month as well as the year to date. After purchasing the business, plaintiffs learned that defendants had in their possession monthly statements of income and expenses for the period in question showing a "net operating profit" of $1,195.43.

The bookkeeper explained at trial that the latter statement was prepared prior to the statement furnished plaintiffs for in house purposes and included no inventory figures and the statement furnished plaintiffs was prepared for the realtor to show the actual status of the business, including the inventory figure. The bookkeeper testified he advised plaintiffs that the inventory figure had been estimated and suggested a formal inventory be taken. In fact, the defendants took an inventory the last week of December, 1981, but plaintiffs chose not to participate.

While the practice of including inventory in the "net operating profit" may be confusing, an examination of the accounting furnished plaintiffs reveals the inventory item was included in the "net operating profit". Plaintiff Sweat testified:

Q. ... Pick the figure out there and tell me which figure you thought was the inventory as it was as of September 30, 1981.

A. $8,820.00.

Q. Okay. Now when you take that figure and make all the additions and subtractions all the way down the page, that's what you come up with as your net operating profit, isn't it? You have to make adjustments to that as you come on down the page for operating expenses?

A. Yes.

Q. So the inventory is included in the net operating profit when you come right on down the page with the figures, including the figure that you picked out; isn't that correct?

A. Yes.

Q. So as I understand what you're saying, your complaint is, that based upon this particular statement and your experience in the four months that you operated the business, that the figures didn't prove out?

A. Yes.

Q. In other words, your experience with the business over the four months didn't meet the same figures that were shown on this statement? Is that basically what you're telling me?

A. Basically, yes.

Q. Now while you were there, Mr. Jordan also showed you the October, 1981, statement, didn't he?

A. Yes, he did.

Q. And went over that with you?

A. Yes.

Q. And you never asked for any other records other than what ... you were given and what was shown to you.

A. We asked Mr. Jordan if he had all the records to substantiate all the figures on here. He said, yes, he did.

Q. You didn't ask for copies of them, did you?

A. He said that everything was on this statement of income and expenses. No, we did not ask for copies.

Q. So you got, in essence, what you asked for, didn't you?

A. I suppose so, yes.

The evidence does not preponderate against the chancellor's conclusion that the statement of income and expenses fur-

nished to plaintiffs is not a false representation of the profitability of the business. Accordingly, the judgment of the chancellor is affirmed and the costs of appeal assessed to appellants.

PARROTT, P.J., and SANDERS, J., concur.