**Donald COLE and wife, Alice Cole,
Plaintiffs–Appellants,**

v.

**Kirby CLIFTON, et al., Defendants–
Appellees.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Jan. 3, 1992.

Application for Permission to Appeal
Denied by Supreme Court
May 4, 1992.

Samuel A. Baron, Ingram & Lowe, Goodlettsville, for plaintiffs-appellants.

Thomas V. White, Tune, Entrekin & White, Nashville, for defendants-appellees.

## OPINION

LEWIS, Judge.

Plaintiffs Donald and Alice Cole appeal from the dismissal of their complaint in which they alleged that defendants, Kirby Clifton and Clifton Construction Company, committed trespass on plaintiffs' land. The parties stipulated as to the following facts:

Plaintiffs own approximately 2.29 acres in Goodlettsville, Tennessee, while Defendant Clifton owns four acres adjacent to plaintiffs' property. The parties share a common boundary of approximately 975 feet.

Plaintiffs purchased the property in 1975 for $26,300.00 and have used it only as a residence. Plaintiffs cleared an area for use as a back yard, but both the plaintiffs' property and defendant Kirby Clifton's property consist mostly of overgrown weeds, trees and shrubs.

On or about July 28, 1989, Defendant Clifton asked a Clifton Construction Company employee to clear a portion of defendant Clifton's property with a bulldozer. The employee inadvertently cleared approximately 2,950 square feet of the plaintiffs' property. The parties stipulated that the plaintiffs did not plant or plan to use any of the vegetation removed from the property, that plaintiffs could not see the cleared portion of land from the back of their house, and that the plaintiffs did not go into this wooded portion of their property more than four times a year.

At the end of plaintiffs' case the trial court granted defendants' motion for dismissal based on the plaintiffs' failure to prove damages. The court found that the plaintiffs had failed to prove by a preponderance of the evidence the difference between market value immediately prior to and immediately after the admitted trespass by defendants. The court also assessed costs against plaintiffs for their refusal to accept defendants' offer of judgment for $1,000.00.

On appeal, plaintiffs' first issue is;

"[W]hether the measure of damages for trespass to land [is] the cost of restoration of the land, or the diminution in value to the land, or the lesser of the two; and if it is the law that the measure of damages is the lesser of the two, must the plaintiffs prove both measures?"

The trial court held that the plaintiffs had "failed to prove by a preponderance of the evidence the value of the property before the incident in question on July 28, 1989, and after the incident occurred, therefore, Plaintiffs' complaint must be dismissed."

Plaintiffs maintain that the cost of restoration is the proper measure of damages for injuries to land when the land can be restored. They point out that in its most recent ruling on this issue, this Court held that: "If the land can be restored to its original value by an expenditure of money and labor, the cost of such money and labor is the basic measure of damages. Other elements might be present for consideration." *Killian v. Campbell*, 760 S.W.2d 218, 222 (Tenn.App.1988). Defendants argue that the proper measure of damages for injury to real property is the lesser of the difference in market value measured before and after the injury, or the cost to repair the injury. *Fuller v. Orkin Exterminating Co.*, 545 S.W.2d 103, 108 (Tenn. App.1975); *Redbud Coop. Corp. v. Clay-*

*ton,* 700 S.W.2d 551, 560–561 (Tenn.App. 1985).

■ Given the circumstances of this case regarding proof at the trial level, this Court is not in a position to rule on any potential conflict between *Killian* and *Fuller.* Plaintiffs' first issue as to the proper measure of damages is pretermitted by the resolution of plaintiffs' next issue: "[W]hether plaintiffs failed to carry their burden of proof so that their case [was] subject to dismissal by the trial court for failure to prove damages."

Plaintiffs submit that they proved the diminution in value to their property by plaintiff Donald Cole's own testimony as to the cost of restoring lost trees to his property. He testified that he went to different nurseries and got estimates as to the cost of the trees. "[t]he only thing I had to go by was the estimates ... I went to some places and ... asked what the trees would cost, just the trees."

The defendant made his motion to dismiss the case at the close of plaintiffs' evidence pursuant to Tennessee Rule of Civil Procedure 41.02(2), arguing that plaintiffs had presented no proof as to diminution in value since plaintiff Donald Cole's opinion was based only on the value of the lost trees, which was a component of restoration cost.

■ In reviewing a judgment in a nonjury case dismissing a proceeding at the close of plaintiff's proof, we review the case de novo on the record of the trial court, with a presumption of the correctness of the judgment unless the preponderance of the evidence is otherwise. Tenn.R.App.P. 13(d); *Nold v. Selmer Bank & Trust Co.,* 558 S.W.2d 442, 444 (Tenn.App.1977).

■ When a motion to dismiss is made at the close of plaintiff's proof in a nonjury case, the trial court evaluates the case in the same manner as though the trial court were making findings of fact at the conclusion of all evidence for both parties. *City of Columbia v. C.F.W. Const. Co.,* 557 S.W.2d 734, 740 (Tenn.1977). If the plaintiff has failed to prove his case by a preponderance of the evidence, the trial court

may render a judgment on the merits for defendant. *Brewer v. Haynes,* 681 S.W.2d 551, 552 (Tenn.App.1984). In this case the trial court had sufficient evidence before it, through plaintiff's testimony and deposition, to rule that plaintiffs had not proven damages by a preponderance of the evidence.

■ In plaintiff's deposition, he testified to the following: 1) he did not know how much of a decrease in market value his property had suffered due to defendant's trespass, 2) the bulldozed land had not been cultivated for any particular purpose and served no commercial use, 3) the bulldozed land was not visible from plaintiff's house and weeds have grown over the area, and 4) plaintiff did not know the exact kind of trees that had grown in the bulldozed area. However, at trial, plaintiff testified that he thought his property had a fair market value of $70,000.00 prior to the bulldozing which was reduced to $62,000.00 after defendant's trespass on his property. The trial court, in overruling the objection to this testimony, stated the objection would go to the weight of the evidence. As the finder of fact, the trial court has the duty to estimate damages without being bound to accept monetary figures from the testimony of a particular witness. *Tennessee Farmers Mutual Ins. Co. v. Hinson,* 651 S.W.2d 235, 238 (Tenn.App.1983); *Ford Motor Co. v. Taylor,* 60 Tenn.App. 271, 290, 446 S.W.2d 521, 530 (1969). Since plaintiff had an incentive to suggest a large diminution in value, the trial court also had to consider credibility as an issue. *Price v. Allstate Ins. Co.,* 614 S.W.2d 377, 379 (Tenn.App.1981). Even if his testimony was not contradicted, credibility remained a factor and the trial court was in the best position to judge the witness' credibility. Given these circumstances and after reviewing the evidence, the trial court decided that plaintiff's testimony did not prove damages by a preponderance of the evidence. The evidence does not preponderate against the trial court's finding.

■ In addition, plaintiffs argue that they had additional evidence on the cost of restoration that was to be presented by a

late-filed deposition. The witness had been subpoenaed but was unavailable for trial. The trial court agreed, on the day of the trial, to "allow counsel to have thirty days from the twenty-third of December to take his deposition and submit it to the Court." Following the trial court's dismissal of their complaint, the proper course of action for plaintiffs to follow was to file a motion to rehear along with the deposition to give the trial court an opportunity to evaluate the new evidence. Instead, plaintiffs chose to file a direct appeal with this Court. As an appellate court, we are limited in our review to facts in the record considered by the trial court and, therefore, we are not in a position to consider the effect of evidence not before the trial court at the time of its decision.

We have considered each of the issues raised by plaintiffs and find them to be without merit. The trial court's decision to dismiss plaintiffs' case pursuant to Tennessee Rule of Civil Procedure 41.02(2) is affirmed with costs assessed to plaintiffs and the cause remanded to the trial court for the collection of costs and for any further necessary proceedings.

CANTRELL and KOCH, JJ., concur.