IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

# RONALD DEAN WARF & BONNIE LOU WARF v. WAYNE T. VINCENT

**An Appeal from the Chancery Court for Shelby County
No. 109573-1 R.D.; The Honorable Walter L. Evans, Chancellor**

---

**No. W1999-01542-COA-R3-CV - Decided May 30, 2000**

---

This appeal arises from a trespass action filed by plaintiffs-Warfs in the Shelby County Chancery Court. Defendant-Vincent admitted liability for the trespass. The only issues at trial were whether the injury to the land was permanent in nature and the amount of damages to be awarded to the Warfs. The trial court found that the injury was permanent and awarded the Warfs ten thousand dollars in compensatory damages. Vincent appeals both the determination that the damage was permanent and the amount of the damage award.

**Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in Part, Reversed in Part and Remanded.**

HIGHERS, J., delivered the opinion of the court, in which FARMER, J., and LILLARD, J., joined.

Nicholas E. Bragorgos, Lucinda S. Murray, McNABB, HOLLEY, WALDROP & BRAGORGOS, PLLC, Memphis, for Appellant, Vincent

Glen G. Reid, Jr., Nanette L. Wesley, WYATT, TERRANT & COMBS, Memphis, for Appellees, Warf

### MEMORANDUM OPINION[1]

Vincent asserts that the trial court erred in allowing the Warfs' witness to testify as an expert. Vincent also appeals the trial court's finding that the damage to the Warfs' land was permanent in nature. In addition, Vincent appeals the amount of damages awarded.

**Facts and Procedural History**

---

[1]Rule 10 (Court of Appeals). <u>Memorandum Opinion</u>. – (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

The Warfs are the owners of residential property located in Shelby County, Tennessee. On or around August 1, 1996, while the Warfs were on vacation, Vincent erroneously entered onto Warfs land with a bulldozer. Vincent bulldozed three areas of Warfs' property, destroying mature trees, stripping and excavating top soil and subadjacent soil, and redirecting surface waters and drainage on Warfs' property.

Subsequently, the Warfs filed an action against Vincent in the Shelby County Chancery Court. Vincent admitted liability for the trespass, leaving only the issue of damages for trial. In preparation for trial, Vincent sent interrogatories to the Warfs requesting a list of any expert witness and expected testimony, the amount of damages claimed, and a list of fact witnesses. The Warfs supplied all the requested information except for the list of expert witnesses and a before and after value of the land. The information included several fact witnesses, and the replacement costs of the trees, dirt, and other miscellaneous repair costs.

At trial, the Warfs called Jeff Pickard, a co-owner and employee of J&J Landscaping Company, to testify about the repair cost to the property. Mr. Pickard's company had been listed as a fact witness in Warfs' response to Defendant's interrogatories. Mr. Pickard testified that he and another J&J employee visited the Warfs' property to examine the damage and make an estimate for repair work. A copy of the repair estimate was entered into evidence, showing the proposed landscaping repair cost to be eight hundred and seventy-five dollars. Vincent objected to this witness and claimed that Mr. Pickard was being offered as an expert witness, not a fact witness. Defendant's objection was overruled and the court permitted Mr. Pickard to continue with his testimony.

Following Mr. Pickard's testimony, the Warfs attempted to call two more witnesses to testify about the repair costs. Darlene Boswell of Inman Trucking Company was called to testify about the cost of hauling replacement topsoil to the Warfs' land. Inman Trucking Company had also been named as a fact witness in the Warfs' response to Interrogatories. Vincent again objected, claiming that Plaintiff should have named the witness as an expert witness rather than a fact witness. The court sustained Defendant's objection and did not allow the witness to testify.

Warfs then called Mr. Giaroli, owner of Giaroli Nursery, to testify about the cost of replacement trees. Giaroli had also been designated as a fact witness by Warfs. Vincent objected, claiming that Giaroli was actually an expert witness. The court sustained Defendant's objection, preventing Mr. Giaroli from testifying about replacement trees.

Ronald Warf testified about the condition of his land before the trespass and immediately following the trespass. A video showing the state of the property was also entered into evidence and viewed by the court. In addition, Warf testified regarding the value of his property before and after the damage by Vincent. Vincent objected to this testimony on the basis that a "before and after value" was never submitted in response to the interrogatories. The trial court offered Vincent a continuance in order to "secure additional expert proof" to refute Mr. Warf's testimony. Vincent did not take the offer of continuance, and trial proceeded. Mr. Warf was allowed to testify regarding

an alleged ten thousand dollar diminution in the value of the damaged property.

The court found that the cost of restoring the property to its original condition was not relevant because the damage to the land was permanent in nature. As a result the trial court awarded the Warfs ten thousand dollars for the diminution in value of the property. In addition, the court ordered Vincent to pay half of the cost of a survey of the property. An order on these findings was entered on January 19, 1999. Vincent filed a Motion to Alter or Amend the Judgment which was denied by the trial court. Thereafter, Vincent filed a timely notice of appeal.

On appeal, Vincent argues that the trial court erred in allowing a fact witness to testify as an expert; in finding that the property damages were permanent; and in awarding the Warfs damages in the amount of ten thousand dollars despite the lack of proof on the proper measure of damages.[2] The Warfs argue that the fact witness testified only as to his lay opinion and not as an expert witness and that the trial court did not err in its findings.

**Analysis**

The standard of review for a non-jury case is de novo upon the record. Wright v. City of Knoxville, 898 S.W.2d 177, 181 (Tenn. 1995). There is a presumption of correctness as to the trial court's factual findings, unless the "preponderance of the evidence is otherwise." TENN. R. APP. P. Rule 13(d). For issues of law, the standard of review is de novo, with no presumption of correctness. Ridings v. Ralph M. Parsons Co., 914 S.W.2d 79, 80 (Tenn. 1996).

**A. Nature of Injury**

We find it necessary first to address Vincent's contention that the damage to the Warfs' land was temporary rather than permanent in nature. The court below stated that it relied wholly on Mr. Warf's testimony about the before and after value of the land in determining whether the injury was permanent. Based on this testimony, the court found that the damage was permanent and that therefore the proper award of damages was diminution in value. Vincent argues that the damage was repairable, and thus not permanent in nature. Based on the following, we agree that the damage was not permanent.

In determining whether an injury to land is temporary or permanent, the court must consider whether or not the land can be returned to its previous state. An injury is temporary if the injury can be remedied by an "expenditure of money and labor." Killian v. Campbell, 760 S.W.2d 218, at 222 (Tenn. Ct. App. 1988) citing Citizens Real Estate v. Mountain States Dev., 633 S.W.2d 763 (Tenn. Ct. App.1981) In the court below, Warfs offered testimony about the landscaping costs and attempted to offer testimony about the costs of replacement dirt and trees. From the Warfs attempt to offer testimony regarding the repair costs to the land, it appears that the land could be restored to

---

[2]Vincent does not appeal Warfs' award of half of the survey cost or the trial court's denial of Defendant's motion to alter or amend the judgment.

its previous condition.

Therefore, under the standard presented above, we find that the injury to the Warfs land was not permanent in nature. The finding of the trial court is reversed on this issue. Accordingly, we find it unnecessary to address the issue of the amount of damages awarded by the court below. This matter must be determined based on our finding that the injury to the Warfs' land is temporary in nature.

## B. Witness Testimony

On appeal, Vincent asserts that the trial court erred in allowing one of the Warfs' fact witnesses, Mr. Pickard, to present "expert" testimony. Vincent claims that Mr. Pickard should have been designated as an expert by the Warfs and that the Warfs' failure to do so meant that Mr. Pickard should be barred from testifying. Based on the following, we find that the trial court did not err in allowing Mr. Pickard to testify.

We first turn to Vincent's claim that Pickard's testimony is expert testimony pursuant to Rule 702 of the Tennessee Rules of Evidence. Rule 702 describes expert testimony as "scientific, technical, or other specialized knowledge."[3] We are unpersuaded that Mr. Pickard's testimony falls within the ambit of this rule. Instead, it seems obvious both from the Warfs' designation of Mr. Pickard and the testimony itself that Pickard was a lay witness.

As a general rule, opinion testimony by lay witnesses is inadmissible. However, there are exceptions to the general rule and it appears that such an exception is applicable in this case. Pursuant to Rule 701(b) of the Tennessee Rules of Evidence, a witness may testify about the value of the witness's own property or services.[4] The testimony offered by Mr. Pickard was testimony regarding the cost or value of his services as a landscaper. Mr. Pickard based this testimony on his visit to the land in question and his participation in preparing an estimate for the repair. Therefore, Mr. Pickard's testimony was admissible and the trial court did not err in allowing him to testify.

We note that the trial court did not allow two of the Warfs' witnesses to testify. From our review of the record, it appears that the testimony of both Ms. Boswell and Mr. Garioli was admissible under Rule 701(b) so long as they were testifying merely as to the value of their services. If the Warfs plan to call these witnesses for the purpose of giving expert testimony, they can so advise the defendant on remand.

---

[3]TENN. R. EVID. 702 provides: If scientific, technical, or other specialized knowledge will substantially assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise.

[4]TENN. R. EVID. 701(b) provides: A witness may testify to the value of the witness's own property or services.

4

## Conclusion

Based on the foregoing, the judgment of the trial court is hereby affirmed in part, reversed in part, and remanded. Costs on appeal are taxed one half to the appellant, Vincent, and one half to the appellees, the Warfs, for which execution may issue if necessary.