IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 25, 2010 Session

## JERRY ANN WINN v. WELCH FARM, LLC, and RICHARD TUCKER

Direct Appeal from the Chancery Court for Montgomery County
No.  MC-CH-CB-CD-07-62      Laurence M. McMillian, Chancellor

No. M2009-01595-COA-R3-CV - Filed June 4, 2010

This is an appeal from the trial court's decision to grant summary judgment to the Appellees. After reviewing the record, we find that the order granting summary judgment fails to comply with Tenn. R. Civ. P. 56.04, as it does not "state the legal grounds upon which the court denies or grants the motion." Consequently, this Court cannot proceed with our review and must vacate the judgment of the trial court.

**Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded**

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER. J., joined.

W. Timothy Harvey, Clarksville, Tennessee, for the appellant, Jerry Ann Winn.

Joe Weyant, Clarksville, Tennessee, for the appellees, Welch Farm, LLC, and Richard Tucker.

**OPINION**

On November 26, 2007, Appellant Jerry Ann Winn ("Ms. Winn"), filed a complaint for damages against Appellee Welch Farm, LLC ("Welch").  In her complaint, Ms. Winn averred that on April 5, 2005, she purchased Lot 125 in phase three of the Savannah Chase development (the "lot") from Welch, as evidenced by a Cash Warranty Deed.[1]  Ms. Winn

_____

[1]A copy of the warranty deed is included with Ms. Winn's deposition as attached to Welch's
(continued...)

alleged on March 23, 2007, when excavation began on the lot so that a new residence could be constructed, water immediately filled the excavated troughs. According to her complaint, an investigation by an engineer was conducted the next day, and it was discovered that the drainage flow of the lot had been altered, destroying the "structural integrity" of the lot. She alleged that Welch was or should have been aware of the drainage issue when it sold her the lot. Ms. Winn submitted that the actions of Welch created a permanent nuisance and that it breached implied warranties regarding the suitability of the lot for construction of a residence. Ms. Winn requested compensatory damages "for breach of implied warranties between the Parties, [Welch's] imposition of a permanent nuisance upon [Ms. Winn's] property, and diminution in value of [Ms. Winn's] property"; punitive damages; and rescission of the contract.

Welch filed an answer on February 7, 2008 wherein it admitted selling Ms. Winn the lot at issue. Welch submitted that the warranty deed contained all the terms, conditions, duties and obligations of the parties. Welch denied knowledge of the drainage issue as alleged by Ms. Winn, denied that the lot was impaired, denied that there was a permanent nuisance on the lot, denied breaching any implied warranties, and denied diminution in the value of the lot.

On October 27, 2008, Welch filed a motion for summary judgment along with a supporting memorandum of law and statement of undisputed facts. In its memorandum, Welch submitted that Ms. Winn brought two claims against it: breach of implied warranty and creation of a permanent nuisance. Welch argued that it was entitled to summary judgment on the issue of implied warranty as no such claim is recognized in Tennessee. Also, Welch argued that it was entitled to summary judgment on the nuisance issue as it did not take any action to divert surface water to Ms. Winn's lot and therefore did not create a nuisance. Welch's statement of undisputed facts stated in pertinent part:

> 7. Welch Farms, LLC did not change anything or cause any sort of diversion of surface water in or around the Property during development of Phase 3 of the surrounding subdivision.
>
> 8. Ms. Winn is not aware of any individual who can state that the Defendant Welch Farms, LLC caused a diversion of service water from an old drainage field near the Property.

Welch attached portions of Richard Tucker's and Ms. Winn's depositions to its statement of

[1](...continued)
statement of undisputed facts in support of its Motion for Summary Judgment.

facts.[2]

On January 9, 2009, Ms. Winn filed her response to Welch's motion for summary judgment, contending that genuine issues of material fact exist. In support of her response, Ms. Winn filed a memorandum of law, a response to Welch's statement of undisputed facts, and an additional statement of undisputed facts. In response to Welch's statement of undisputed facts, Ms. Winn admitted all of the stated facts except numbers 7 and 8 as quoted above. In response to facts 7 and 8, Ms. Winn submitted that she was without sufficient knowledge to admit or deny these facts.[3] In her additional statement of undisputed facts, Ms. Winn stated that the engineering firm she used to investigate the lot had previously been consulted by Welch with regard to similar issues and recommendations on that lot, that Richard Tucker- the managing agent of Welch and a real estate broker - was aware of the soil conditions on the lot, and that Richard Tucker did not disclose the conditions of the lot or its suitability for a residential structure. In her memorandum, Ms. Winn argued that "disclosure of soil conditions was due [to her] when she purchased her lot."

Also, on January 9, 2009, Ms. Winn filed a motion requesting permission to amend her complaint. According to her motion, she sought to add Appellee, Richard Tucker ("Mr. Tucker"), as a defendant, and to further amend her complaint to conform with the evidence.

---

[2]We note that the entire deposition of Ms. Winn appears in the record. However, the trial court only had before it the portions of the deposition. In reviewing the trial court's decision, this court will only consider the evidence which was before the trial court when it made its decision granting the motion for summary judgment. *Cole v. Clifton*, 833 S.W.2d 75, 78 (Tenn. Ct. App. 1992).

[3]We note that Tenn. R. Civ. P. 56.03 provides in pertinent part:

> Any party opposing the motion for summary judgment must, not later than five days before the hearing, serve and file a response to each fact set forth by the movant either (i) agreeing that the fact is undisputed, (ii) agreeing that the fact is undisputed for the purposes of ruling on the motion for summary judgment only, or (iii) demonstrating that the fact is disputed. Each disputed fact must be supported by specific citation to the record. Such response shall be filed with the papers in opposition to the motion for summary judgment.

Ms. Winn's response does not comply with the requirements of this rule. "Although, the trial court may, at its discretion, waive the requirements of this rule where appropriate, ... material facts set forth in the statement of the moving party may be deemed admitted in the absence of a statement controverting them by the opposing party." *Holland v. City of Memphis,* 125 S.W.3d 425, 428 (Tenn. Ct. App. 2003)(citations omitted).

Attached to her motion was a copy of the proposed amended complaint, the report from the engineering firm which investigated the lot in 2007, and portions of Mr. Tucker's deposition.

Welch filed a response to Ms. Winn's additional statement of undisputed facts on January 13, 2009. In its response to the allegations that it had retained the same engineering firm as Ms. Winn with regard to issues on her lot, Welch stated that it was undisputed that it had previously retained the firm, but not for Ms. Winn's lot. Welch further stated that this fact was not material to the issues before the court. In response to Ms. Winn's statement that Mr. Tucker was aware of the soil conditions, Welch stated that Mr. Tucker was aware of the soil conditions in all of the development, but his knowledge as to Ms. Winn's lot was "that it was marketable...." Welch also disputed that Mr. Tucker was a licensed real estate broker.

The trial court entered an order on January 28, 2009. This order reflects that the trial court heard arguments on Welch's motion for summary judgment. However, the trial court, in this order, reserved judgment on the motion. Further, in this order, the trial court granted Ms. Winn permission to amend her complaint. The record does not contain a transcript of this hearing.

On February 19, 2009, Ms. Winn filed a Second Amended Complaint for Damages.[4] The amended complaint adds Mr. Tucker as a defendant. The complaint alleged that Welch and/or Mr. Tucker were aware or should have been aware that the lot was not suitable for construction of a residence. Ms. Winn also averred that Mr. Tucker had a higher duty pursuant to Tenn. Code Ann. § 62-13-101, as a licensed real estate agent "to disclose known possible defects and soil deficiencies" and that failure to disclose was a breach of the Tennessee Real Estate Broker License Act of 1973, Tenn. Code Ann. § 62-13-401 through -408, and a breach of the duty of good faith and fair dealing. Ms. Winn also alleged that Mr. Tucker's failure to disclose was a violation of the Tennessee Consumer Protection Act, Tenn. Code. Ann. § 47-18-101 *et seq* ("TCPA"). According to her amended complaint, Ms. Winn sought damages for "breach of implied warranties between the Parties, the Respondent's imposition of a permanent nuisance upon [her] property, and the diminution of value of [her] property", as well as punitive damages; rescission of the contract; and attorney's fees. Specifically as to Mr. Tucker, Ms. Winn sought damages for his violation of the Tennessee Real Estate Broker License Act of 1973, "negligence in breaching such statutory duty", for breach of the duty of good faith and fair dealing, and for his violation of the TCPA.

---

[4]It is not clear from the record why Ms. Winn's complaint was styled a "Second Amended Complaint." There does not appear to have been any amendments to the original complaint prior to the filing of the Second Amended Complaint.

On March 5, 2009, Welch and Mr. Tucker filed an answer to Ms. Winn's amended complaint. The answer was substantially the same as Welch's original answer. Mr. Tucker denied that he was a licensed real estate broker at the time of the transaction with Ms. Winn. Welch and Mr. Tucker denied all further allegations.

On April 21, 2009, Welch and Mr. Tucker filed another motion for summary judgment, along with another statement of undisputed facts and memorandum of law in support of their motion. The statement of undisputed facts stated in pertinent part:

> 7. Neither Welch Farms, LLC, nor Richard Tucker did anything to change or cause any sort of diversion of surface water in or around the Property during the development of Phase 3 of the surrounding sub-division.
>
> 8. Ms. Winn is not aware of any individual who can state that the Defendants caused a diversion of service water from an old drainage field near the Property.[5]
>
> 9. Richard Tucker is not aware of any soil deficiencies on lot 125.
>
> 10. Richard Tucker is not a licensed real estate broker.

As before, in the memorandum of law, Welch and Mr. Tucker submitted that Ms. Winn brought two claims against them: breach of implied warranty and creation of a permanent nuisance. Welch and Mr. Tucker argued that they were entitled to summary judgment on the issue of implied warranty as no such claim is recognized in Tennessee. Also, Welch and Mr. Tucker argued that they were entitled to summary judgment on the nuisance issue as they did not take any action to divert surface water to Ms. Winn's lot and therefore did not create a nuisance. As to the nuisance claim, Welch and Mr. Tucker submitted that Ms. Winn is unable to prove an essential element of her claim. Mr. Tucker also notes that Ms. Winn brought two additional claims against him alone: violation of the TCPA and violation of the Real Estate Broker License Act. Mr. Tucker submitted that the TCPA claim should fail because he was unaware of any defects. Mr. Tucker also submitted the Real Estate Broker License Act claim should fail as he was not a licensed real estate broker and there was no agency relationship between he and Ms. Winn. Welch and Mr. Tucker attached portions of Mr. Tucker's and Ms. Winn's depositions, and an affidavit from Mr. Tucker stating that he

_____

[5]This Court notes that in paragraph seven, the Appellees refer to "surface water" and in paragraph eight, they refer to "service water." The difference between the two terms is not clear from the record.

is not a licensed real estate broker and did not have a written agreement with Ms. Winn establishing an agency relationship.

Ms. Winn filed a response of May 22, 2009, including a response to the statement of undisputed facts, and an additional statement of undisputed facts. Ms. Winn admitted all of the facts as provided by Welch and Mr. Tucker except for facts 7 and 9 as quoted above. Ms. Winn admitted that Mr. Tucker was not a licensed real estate broker, that she and Mr. Tucker did not have a written agreement establishing an agency relationship, and submitted that she was without sufficient knowledge to admit or deny the assertion that Welch nor Mr. Tucker did anything to change or cause the diversion of surface water.[6] Ms. Winn's additional statement of undisputed facts was similar to her previously filed statement. Also, Welch and Mr. Tucker filed a response to the additional facts on May 27, 2009, which was the same as their previously filed response.

Ms. Winn filed an amended memorandum in opposition to the motion for summary judgment on May 28, 2009. Again, Ms. Winn argued that Welch and Mr. Tucker should have disclosed the soil conditions of her lot prior to her purchase. Ms. Winn argued that other jurisdictions would hold Welch and Mr. Tucker liable for their omissions, citing to cases from other states based on implied warranties. Further, Ms. Winn argued that Welch and Mr. Tucker had a duty to deal in good faith implied by contract, and also that since Mr. Tucker was once a licensed real estate agent he must still comply with the standards of licensed agents.

The trial court heard the motion for summary judgment on May 29, 2009. On June 26, 2009, the trial court entered an order granting the motion for summary judgment and dismissing all of Ms. Winn's claims against Welch and Mr. Tucker. As stated by the trial court in its order, "the Court believes there are no genuine issues of material fact and that the Respondents are entitled to judgment as a matter of law." The record does not contain a transcript of this hearing.

Ms. Winn filed a notice of appeal on July 27, 2009. She raises the following issues

---

[6]Again, Ms. Winn failed to comply with the requirements of Tenn. R. Civ. P. 56.03 as discussed in footnote three above. This failure, however, does not affect this Court's analysis. First, it is not clear whether the trial court, using its discretion, waived the requirements of the rule or deemed the facts admitted. *Holland v. City of Memphis,* 125 S.W.3d 425, 428 (Tenn. Ct. App. 2003)(citations omitted). Second, it appears that these facts, disputed or undisputed, are not relevant to a claim based upon duty to disclose or breach of implied warranty. Finally, as discussed below, this Court cannot determine from the record the legal basis upon which the trial court granted summary judgment; and therefore cannot be certain of the relevance of these facts in the trial court's decision.

for our review:

> 1. Whether the Appellees had a duty to disclose possible adverse soil conditions within the subject undeveloped lot?
>
> 2. Whether an implied warranty of suitablity for residential construction exists in the subject transaction, pertinent to the lot itself?
>
> 3. Whether, when considering the above analysis, the trial court erred in its granting of summary judgment to the respondents, finding that no genuine issue of material fact existed in this case?

A trial court's decision to grant a motion for summary judgment presents a question of law. Our review is therefore de novo with no presumption of correctness afforded to the trial court's determination. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). "This Court must make a fresh determination that the requirements of Tenn. R. Civ. P. 56 have been satisfied." *Mathews Partners, LLC v. Lemme,* No. M2008-01036-COA-R3-CV, 2009 WL 3172134 at *3 (citing *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1977).

When a motion for summary judgment is made, the moving party has the burden of showing that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Tenn. R. Civ. P. 56.04. The moving party may accomplish this by either: (1) affirmatively negating an essential element of the non-moving party's claim; or (2) showing that the non-moving party will not be able to prove an essential element at trial. *Hannan v. Alltel Publ'g Co*., 270 S.W.3d 1, 8-9 (Tenn. 2008). However, "[i]t is not enough for the moving party to challenge the nonmoving party to 'put up or shutup' or even to cast doubt on a party's ability to prove an element at trial." *Id*. at 8. If the moving party's motion is properly supported, "[t]he burden of production then shifts to the nonmoving party to show that a genuine issue of material fact exists." *Id.* at 5(citing *Byrd v. Hall*, 847 S.W.2d 208, 215(Tenn. 1993)). The non-moving party may accomplish this by: "(1) pointing to evidence establishing material factual disputes that were overlooked or ignored by the moving party; (2) rehabilitating the evidence attacked by the moving party; (3) producing additional evidence establishing the existence of a genuine issue for the trial; or (4) submitting an affidavit explaining the necessity for further discovery pursuant to Tenn. R. Civ. P., Rule 56.06." *Martin v. Norfolk Southern Railway. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008)(citations omitted).

When reviewing the evidence, we must determine whether factual disputes exist. In

evaluating the trial court's decision, we review the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. ***Stovall v. Clarke***, 113 S.W.3d 715, 721 (Tenn. 2003). If we find a disputed fact, we must "determine whether the fact is material to the claim or defense upon which summary judgment is predicated and whether the disputed fact creates a genuine issue for trial." ***Mathews Partners***, 2009 WL 3172134 at *3(citing ***Byrd***, 847 S.W.2d at 214). "A disputed fact is material if it must be decided in order to resolve the substantive claim or defense at which the motion is directed." ***Byrd***, 847 S.W.2d at 215. A genuine issue exists if "a reasonable jury could legitimately resolve the fact in favor of one side or the other." ***Id.*** "Summary Judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion." ***Landry v. South Cumberland Amoco, et al***, No. E2009-01354-COA-R3-CV (Tenn. Ct. App. March 10, 2010)(citing ***Carvell v. Bottoms,*** 900 S.W.2d 23 (Tenn. 1995)).


In 2007, Tennessee Rule of Civil Procedure 56.04 was amended to require the trial court to "state the legal grounds upon which the court denies or grants the motion," and to include such statement in the order reflecting the trial court's ruling. When the legal grounds for the trial court's decision are omitted, a reviewing court cannot analyze the decision's validity, and appellate review becomes unnecessarily speculative. "Without such a statement...a reviewing court is left to wonder on what grounds the trial court granted the motion for summary judgment." ***Eluhu v. HCA Health Servs. Of Tenn. Inc.,*** No. M2008-01152-COA-R3-CV, 2009 WL 3460370, at *21  The 2007 amendment to Tenn. R. Civ. P. 56.04 was intended to cure this problem. The Rule's requirements are specific and without exception. Tenn. R. Civ. P. 56.04; *see also **Eluhu,*** 2009 WL 3460370, at *21(vacating the trial court's grant of summary judgment upon finding that the trial court did not state the legal grounds upon which the trial court granted the motion); ***Burse v. Hicks,*** No. W2007-02848-COA-R3-CV, 2008 WL4414718, at *2 (Tenn. Ct. App. Sept. 30, 2008)(finding noncompliance with Rule 56.04 where trial court's order merely provided "it is hereby ordered, adjudged and decreed that the Motion for Summary Judgment of [the defendant] is well taken and should be granted pursuant to law and there being no material disputed fact," but proceeding with appellate review upon a finding that there was only a "clear legal issue").


The order before this Court does not comply with Rule 56.04. It merely states "the Court believes there are no genuine issues of material fact and that the Respondents are entitled to judgment as a matter of law." After reviewing the record, unlike ***Burse***, this Court cannot find that this appeal presents a "clear legal issue." Ms. Winn's amended complaint presents numerous legal theories upon which her claims against both Welch and Mr. Tucker

are based. Further, the parties dispute on appeal, which facts are undisputed. We note that in other cases, this Court has "soldier[ed] on without guidance from the trial court." ***Church v. Perales***, 39 S.W.3d 149, 158 (Tenn. Ct. App. 2000); *see* ***White v. Pulaski Elec. Sys.,*** No. M2007-01835-COA-R3-CV, 2008 WL 3850525, *3 (Tenn. Ct. App. Aug. 18, 2008)(proceeding with review after determining that the legal grounds upon which the trial court granted summary judgment were "readily found" in the transcript of the hearing contained in the record and that the revisions to the rule became effective after the hearing and only twelve days prior to the entry of the order.); and ***Burgess v. Kone, Inc.,*** No. M2007-0259-COA-R3-CV, 2008 WL 2796409, * (Tenn. Ct. App. July 18, 2008)(proceeding with review after finding that the basis for the trial court's decision was "readily ascertainable" from a CD-Rom of the hearing that was contained within the appellate record). Unfortunately in this case, unlike ***Church*** and ***White***, we are unable "soldier on" as the record does not contain a transcript of the hearings on the motions for summary judgment or any other indication of the legal grounds upon which the trial court based its decision. At best we would be speculating as to the reasoning behind the trial court's decision and the facts it considered. Consequently, we must vacate the order of the trial court. We cannot proceed with a review, speculating on the legal theories upon which the trial court may have ruled and the legal conclusions the trial court may have made. Costs of this appeal are taxed one-half to the Appellant, Jerry Ann Winn and her surety and one-half to Appellees Welch Farm, LLC, and Richard Tucker for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE