IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
May 23, 2007 Session

## JOHN RUFF v. RALEIGH ASSEMBLY OF GOD CHURCH, INC.

**Direct Appeal from the Circuit Court for Shelby County**
**No. 37009-7 T.D.     Donna M. Fields, Judge**

_____

**No. W2006-01255-COA-R3-CV - Filed July 23, 2007**

_____

On remand pursuant to Tennessee Code Annotated § 27-3-128, the trial court entered judgment in favor of Defendant with respect to Plaintiff's claim for assault. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, J., and HOLLY M. KIRBY, J., joined.

John Ruff, *Pro se*.

Evan Nahmias, Memphis, Tennessee, for the appellee, Raleigh Assembly of God Church, Inc.

**OPINION**

This is the fourth appearance of this case in this Court. This lawsuit commenced in January 1991, when Plaintiff/Appellant John Ruff (Mr. Ruff) filed an action against Raleigh Assembly of God Church ("the Church") alleging assault and battery, false imprisonment, and intentional infliction of emotional distress. This lawsuit has had a lengthy and complicated journey from the trial court to this Court and back again, the details of which are recited in *Ruff v. Raleigh Assembly of God Church, Inc.,* No. W2001-02578-COA-R3-CV, 2003 WL 21729442 (Tenn. Ct. App. July 14, 2003), *perm. app. denied* (Tenn. Jan. 5, 2004). It currently concerns only Mr. Ruff's claim for assault. Following the previous appeal, on July 14, 2003, we remanded this matter pursuant to Tennessee Code Annotated § 27-3-128 for entry of a final order on Mr. Ruff's assault claim. We stated:

> In its July 12, 2001 judgment, the trial court mentions that Mr. Ruff filed a complaint
> against the church for "assault and battery, false imprisonment, intentional infliction
> of emotional distress and outrageous conduct." Later in the judgment, the trial court
> states that "no battery, false imprisonment, outrageous conduct or intentional

infliction of emotional distress occurred." The trial court neglected to mention the assault claim. As such, under Tennessee Code Annotated section 27-3-128 , we remand to the trial court for further proceedings *consistent with this opinion. On remand, the trial court is instructed to render a decision on Mr. Ruff's assault claim.*

*Ruff*, 2003 WL 21729442, at *6 (emphasis added).[1]

On remand, the trial court reviewed the record and entered judgment in favor of the Church based on the previous trial transcript. The trial court did not hold an additional trial or take further proof on the assault claim. Mr. Ruff appeals the trial court's judgment, asserting, *inter alia*, the trial court erred by refusing to grant him a new trial or evidentiary hearing on the assault claim. We affirm.

---

[1]With respect to the trial court's failure to rule on the assault claim on the finality of the judgment, we stated:

In his fourth issue, Mr. Ruff argues that the trial court committed error when it failed to render a decision on his assault claim. Rule 3(a) of the Rules of Appellate Procedure provides that final judgments are appealable as of right. *See* Tenn. R. App. P. 3(a). The rule goes on to provide that if "multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims ... is not enforceable or appealable and is subject to revision at any time before entry of a final judgment." Tenn. R. App. P. 3(a). From the record before us, it appears that the trial court failed to render a decision on Mr. Ruff's assault claim. Because the trial court's order did not render a decision on the assault claim there was no final judgment.

Our Supreme Court has recognized that "[u]nless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only." *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn.1990) (citing *Aetna Cas. & Sur. Co. v. Miller*, 491 S.W.2d 85 (Tenn.1973)). Rule 2 of the Tennessee Rules of Appellate Procedure, however, allows this Court to suspend, for good cause, "the requirements or provisions of any of these rules," except for Rules 4, 11 and 12. *See* Tenn. R. App. P. 2. Therefore, there is "no bar to the suspension of Rule 3(a)." *Bayberry Assocs.*, 783 S.W.2d at 559.

In order to suspend the requirements of Rule 3(a), this Court must affirmatively show that the rule is suspended and must give a "good reason" for the suspension. *See Bayberry Assocs.*, 783 S.W.2d at 559; *see also* Tenn. R. App. P. 2. The stated purpose behind Rule 2 is to empower the courts "to relieve litigants of the consequences of noncompliance with the rules in those circumstances in which it is appropriate to do so." Tenn. R. App. P. 2 (advisory commission comment). We find it appropriate to do so here. This Court, on its own motion and pursuant to Rule 2, suspends Rule 3(a) in this case. *See* Tenn. R. App. P. 2. This is the third appeal in a case with a tortured history. These parties have been entangled in this case for over ten years and are entitled to some form of closure. We find this to be "good reason" to suspend the application of Rule 3(a) and address the merits of Mr. Ruff's appeal.

*Ruff*, 2003 WL 21729442, at *5.

## *Issues Presented*

Mr. Ruff presents ten issues for our review. The dispositive issue, however, as we perceive it, is whether, upon remand under Tennessee Code Annotated § 27-3-128, the trial court was required to permit Mr. Ruff to conduct additional discovery and to hold a new trial or evidentiary hearing with respect to Mr. Ruff's assault claim.

## *Standard of Review*

The issue presented on appeal is a question of law. We review questions of law *de novo*, with no presumption of correctness afforded to the conclusions of the trial court. *Taylor v. Fezell,* 158 S.W.3d 352, 357 (Tenn. 2005).

## *Analysis*

Mr. Ruff asserts the trial court was required, upon remand pursuant to Tennessee Code Annotated § 27-3-128, to allow him to conduct additional discovery and to hold a new trial on his assault claim. We disagree.

The Code provides:

> The court shall also, in all cases, where in its opinion, complete justice cannot be had by reason of some defect in the record, want of proper parties, or oversight without culpable negligence, remand the cause to the court below for further proceedings, with proper directions to effectuate the objects of the order, and upon such terms as may be deemed right.

Tenn. Code Ann. § 27-3-128(2000). This section authorizes a remand for further proceedings to correct a defect in the record or some oversight of the trial court that has occurred absent "culpable negligence." *Id.*; *Killian v. Campbell*, 760 S.W.2d 218, 222 (Tenn. Ct. App. 1988). This section, however, "does not authorize courts to indulge piecemeal and protracted litigation concerning facts that should have obviously been established at the original trial." *Killian*, 760 S.W.2d at 222. Rather, section 27-3-128 is "geared toward a correction of the record rather than a remand after reversal of the trial court." *First Tenn. Bank Nat'l Ass'n v. Hurd Lock & Mfg.*, 816 S.W.2d 38, 40 (Tenn. Ct. App. 1991). Thus, although the taking of additional proof is permissible or required when necessary to effectuate complete justice, it is not required in all cases upon remand under the statute. *See id.*; *Bd. or Comm'r of Roane County v. Parker*, 88 S.W.3d 916, 921 (Tenn. Ct. App. 2002)(distinguishing remand under § 27-3-128 from remand for new trial and holding trial court correctly limited evidence on remand to purpose imposed by appellate court rather than permitting a new trial); *First Tenn. Bank*, 816 S.W.2d at 41 (holding trial court required to conduct those proceedings necessary to effectuate complete justice, which may include the taking of additional proof).

In the present case, we find no error in the trial court's refusal to hold an evidentiary hearing on Mr. Ruff's assault claim where the matter had, in fact, been fully litigated in the 2001 proceedings. As we noted in our 2003 opinion, in 2001 this matter was heard by the trial court over the course of five days. *Ruff v. Raleigh Assembly of God Church, Inc.*, No. W2001-02578-COA-R3-CV, 2003 WL 21729442, at *2 (Tenn. Ct. App. July 14, 2003), *perm. app. denied* (Tenn. Jan. 5, 2004). The record reflects that Mr. Ruff conducted substantial discovery during the course of litigation and the proof was fully presented at trial. We held, after a thorough review of the record, that the evidence did not preponderate against the trial court's findings with respect to Mr. Ruff's claims. However, we noted that the trial court had "failed to render a decision on his assault claim." *Id.* at *5.

Although the trial court's final order was technically insufficient where it failed to specifically rule on the assault claim, in 2001 the trial court held a full trial on all the claims, took substantial proof, and made detailed findings. Thus, our order on remand instructed the trial court "to render a decision"; it neither instructed nor permitted the trial court to hold a new trial or evidentiary hearing or to take additional proof. On the contrary, in this case, where a full evidentiary trial had been conducted, the taking of additional proof by the trial court would have resulted in the sort of "piecemeal and protracted litigation concerning facts that should have obviously been established at the original trial" proscribed by *Killian*. Unlike an order of remand following reversal or an order under § 27-3-128 instructing the trial court to conduct further proceedings with respect to a specific issue not fully litigated previously, our 2003 order directed the trial court to correct its order by specifically including a holding on the assault claim based on the evidence presented at the 2001 trial. Nothing further was required by the trial court.

The trial court clearly conducted a thorough review of the record in this case, as have we. In light of this review, we cannot say the evidence preponderates against the trial court's findings and affirm judgment in favor of the Church. Mr. Ruff's remaining issues address the propriety of the trial court's procedural determinations and are pretermitted as unnecessary to our disposition of this matter.

### *Holding*

The judgment of the trial court is affirmed. Costs of this appeal are taxed to the Appellant, John Ruff.

_____
DAVID R. FARMER, JUDGE
