# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE

## LINDA SMITH, ET AL. v. LANE FAMILY VIII, LLC, ET AL.

**Appeal from the Chancery Court for Knox County**
**No. 168566-1; 168567-2     John Weaver, Chancellor**

---

**No. E2010-00495-COA-R3-CV - FILED JULY 16, 2010**

---

These consolidates lawsuits involve claims by Linda Smith, Melinda Mischlich, Jennifer Hayles, and Fernando Hayles ("Plaintiffs") surrounding two homes purchased by Plaintiffs located in a subdivision developed by Harry Lane or an affiliated limited liability company. The Trial Court granted rescission of the contracts and awarded Plaintiffs their attorney fees. The Trial Court stated that the amount of attorney fees would be determined at a future hearing. Prior to the hearing on the amount of attorney fees to be awarded, several Defendants filed a notice of appeal. We dismiss this appeal for lack of a final judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

Christopher W. McCarty, Knoxville, Tennessee, for the Appellants, Lane Family VIII, LLC, and the Estate of Harry I. Lane.

Gene A. Stanley, Jr., Knoxville, Tennessee, for the Appellees, Linda Smith, Melinda Mischlich, Jennifer Hayles, and Fernando Hayles.

# MEMORANDUM OPINION[1]

## Background

Plaintiffs filed these lawsuits after purchasing two homes for which certificates of occupancy never were issued. The homes purchased by Plaintiffs were located in a subdivision developed by Harry Lane or an affiliated limited liability company. The claims include defective construction, breach of contract, etc. Following a lengthy trial, the Trial Court entered a very detailed opinion granting Plaintiffs the relief of rescission after finding that the houses were "uninhabitable and defective." The Trial Court also awarded Plaintiff's attorney fees pursuant to the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-109(e)(1). The Trial Court stated it would "set this case for further hearing upon the amount of attorney fees recoverable by the plaintiffs." Before this hearing took place, defendants Lane Family VIII, LLC, and Estate of Harry I. Lane filed a notice of appeal.

On June 23, 2010, this Court entered an order giving appellants fifteen days to show cause as to why this appeal should not be dismissed for lack of a final judgment. No response was received to the show-cause Order.

## Discussion

The Tennessee Rules of Appellate Procedure define an appeal as of right from a final judgment as follows:

> In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in Rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

---

[1] Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

Tenn. R. App. P. 3(a).

The parties to this appeal have not filed an application for an interlocutory appeal pursuant to Rules 9 or 10 of the Rules of Appellate Procedure, and the order appealed from the trial court was not made final pursuant to Tenn. R. Civ. P. 54.02.[2]

A final judgment is "one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). "[A]ny trial court order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable as of right." *State ex rel. Garrison v. Scobey*, No. W2007-02367-C0A-R3-JV, 2008 WL 4648359, at *5 (Tenn. Ct. App. Oct. 22, 2008). This Court does not have subject matter jurisdiction to adjudicate an appeal if there is no final judgment. The Tennessee Supreme Court has recognized that "[u]nless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only." *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990). *See also Ruff v. Raleigh Assembly of God Church, Inc.*, 241 S.W.3d 876, 877 at n.1 (Tenn. Ct. App. 2007). In the present case, because the order appealed from is not a final judgment, this Court does not have subject matter jurisdiction, and this appeal must be dismissed.

## Conclusion

This appeal is dismissed and this cause is remanded to the Knox County Chancery Court for further proceedings consistent with this Opinion and for collection of the costs below. Costs on appeal are taxed to the Appellants, Lane Family VIII, LLC, and the Estate of Harry I. Lane, and their surety, for which execution may issue, if necessary.

PER CURIAM

---

[2] "Rule 54.02 requires, as a prerequisite to an appeal as of right of an interlocutory order, the certification by the trial judge that the judge has directed the entry of a final judgment as to one or more but fewer than all of the issues of the parties, and that the court has made an express determination that there is no just reason for delay." *In re Estate of Henderson*, 121 S.W.3d 643, 646 (Tenn. 2003).