# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs January 4, 2011

## TRECIA GAYLE WATSON v.
## BRADLEY COUNTY SCHOOL BOARD, ET AL.

**Appeal from the Circuit Court for Bradley County**
**No. V-08-908     Michael J. Sharp, Judge**

---

**No. E2010-00964-COA-R3-CV - Filed January 28, 2011**

---

Trecia Gayle Watson ("Plaintiff") formerly was employed as a teacher with the Bradley County School System. In 2002, Bob Taylor ("Taylor"), the Director of Schools for the Bradley County School System, instituted disciplinary charges against Plaintiff seeking to have her employment terminated. Plaintiff voluntarily resigned prior to completion of the disciplinary proceedings. In 2007, pursuant to a grand jury subpoena from the criminal court in Whitfield County, Georgia, Taylor sent all information pertaining to the disciplinary charges and other information in Plaintiff's personnel file to the criminal court. Plaintiff, proceeding pro se, sued for defamation and filed suit against Taylor, the Bradley County School Board (the "School Board"), and various other defendants. All of the defendants filed a motion for summary judgment and, thereafter, sought various forms of sanctions against Plaintiff for numerous alleged violations of Tenn. R. Civ. P. 11. The Trial Court expressly declined to Rule on the motion for Rule 11 sanctions, providing instead for this Court to dispose of the defendants' Motion for Rule 11 sanctions if Plaintiff appealed. The Trial Court then granted the defendants' motion for summary judgment. Plaintiff appeals. We conclude that because the Trial Court has yet to rule on the defendants' motion for Rule 11 sanctions, there is no final judgment. Accordingly, we dismiss the appeal and remand this case for further proceedings consistent with this Opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and JOHN W. MCCLARTY, J., joined.

Trecia Gayle Watson, pro se Appellant.

Lance W. Parr, Athens, Tennessee, for the Appellees, Bradley County School Board, Bob Taylor, Charlene Cofer, and Joy Yates.

# OPINION

## Background

Plaintiff was employed as a tenured teacher with the Bradley County School System from 1978 until 2002. Plaintiff taught at Blue Springs Elementary School. At the time Plaintiff's employment ended, Taylor was the Director of Schools, Charlene Cofer ("Cofer") was the Principal at Blue Springs Elementary, and Joy Yates ("Yates") was an administrator.

In 2002, Plaintiff was formally charged with "neglect of duty, insubordination, inefficiency, conduct unbecoming a member of the teaching profession (unprofessional conduct), and incompetence." According to the charges made against Plaintiff:

> On at least four occasions this previous school year, and in years prior, [Plaintiff] has been reprimanded for screaming at the students in her class. In addition, [Plaintiff] has been counseled repeatedly concerning her relationship to the parents in her class, the last event occurring on or about April 25, 2002. Moreover, [Plaintiff] has deliberately ignored a direct order of her principal to stop the practice of the children in her class writing papers regarding the behavior of other students in the class. Additionally, [Plaintiff] has been counseled against giving advice to students to stop having their parents call the school administration and/or the central office regarding significant events in the classroom.

> On at least two occasions [Plaintiff] was advised against putting kids in a corner with their backs to the class and the teacher as a disciplinary sanction. Subsequent to each of these events, the principal noticed that [Plaintiff] continued this practice in blatant defiance of a direct order given to her by her principal.

> On October 8, 2001, it was discovered that [Plaintiff] had assigned grades to each of the students in her room which placed them on the honor roll. After an examination of this procedure by the principal of the school and the director of schools, the grades were changed to accurately reflect each student's work.

For this infraction, [Plaintiff] was placed on suspension for two days without pay.

In the area of instruction, [Plaintiff] has failed to manage the Accelerated Reader Program effectively. On several occasions this year students in her class have been seen wandering the building unsupervised. . . . In overall instruction, [Plaintiff's] class continues to score at the bottom of the grades in her school, even though she has the smallest class for her grade level.

Finally, on at least two occasions, Ms. Watson has been warned that language that she used, as well as illustration in her conversation were inappropriate for the teacher lounge. These conversations contained sexually explicit language which was embarrassing to members of the staff seated nearby. Even though it was agreed after the first counseling session that the language would not reoccur, the same type of behavior was exhibited again in less than a year. . . .

Plaintiff was informed that Taylor was seeking termination of her employment and that she had thirty days to request a hearing on the various charges. Plaintiff did just that and timely requested a hearing. She also informed the School Board that she was being represented by an attorney with the Tennessee Education Association, Legal Services Division.

A Settlement Agreement (the "Agreement") eventually was entered into between Plaintiff and Taylor as the Director of Schools for the Bradley County School System. That Agreement provides, in relevant part, as follows:

(1)     [Plaintiff] will remain on an unpaid administrative leave through January 10, 2003. During that . . . time, the Bradley County School System will continue to pay the premium for her health insurance coverage.

(2)     [Plaintiff] will submit a resignation letter, effective January 10, 2003.

(3)     The charges brought against [Plaintiff] by [Taylor] will be withdrawn and the charging letter will be removed

-3-

from her personnel file. In addition, any documentation in support of the allegations contained in Mr. Taylor's notice of charges will be removed from [Plaintiff's] personnel file and maintained in a separate file in the central office or in a file maintained by the Bradley County School System attorney.

\* \* \*

(6) If any inquiries are made concerning [Plaintiff] by potential future employers, those inquiries will be referred to the Director of Personnel for the Bradley County School System. The Director of Personnel will respond to any such inquiries by stating [Plaintiff's] name, position, dates of employment, and the fact that she resigned as a teacher with the Bradley County School System. The Director and other employees of the personnel department will not make any comments to potential future employers of [Plaintiff] regarding the substance or merit of any charges that were brought against her by Director Taylor. . . .

Although the Agreement was dated September 12, 2002, Plaintiff did not sign it until December 3, 2002.

For the most part, things remained calm until November of 2007. At that time, the Bradley County School System was served with a subpoena from the criminal court in Whitfield County, Georgia. This subpoena provides as follows:

### SUBPOENA FOR THE PRODUCTION OF DOCUMENTS

You are hereby required to be and appear at the next Grand Jury scheduled for the 29th day of November, 2007, at 9:00 a.m. and bring with you any and all records regarding [Plaintiff] to include disciplinary records, all open and closed files, all inclusive.

In lieu of said court appearance the information may be given to Detective Brittany McArthur with the Whitfield County

-4-

Sheriff's Office, by personal delivery, mail to 805 Professional Blvd., Dalton, GA 30722 . . . .

**THE INFORMATION REQUESTED IS TO BE USED IN A CRIMINAL INVESTIGATION**. . . .

After consulting legal counsel, Taylor submitted all of Plaintiff's personnel records to Detective McArthur on November 6, 2007. The documents that were submitted included the various disciplinary and settlement documents discussed above. In the cover letter enclosing the documents, Taylor stated that they were being provided "in response to a Subpoena for the Production of Documents and in lieu of a court appearance before the Grand Jury in Whitfield County, Georgia . . . ."

On December 10, 2007, Taylor submitted a letter to Mr. Danny Hayes, the Assistant Superintendent of the Whitfield County Schools in Dalton, Georgia. Taylor informed Hayes that formal charges had been brought against Plaintiff but she resigned before termination proceedings were complete. Taylor also stated that Plaintiff's personnel file and related documents had been sent to the Whitfield County Sheriff's Office pursuant to subpoena.

On December 3, 2008, Plaintiff filed this lawsuit against the School Board, Taylor, Yates, and Cofer (collectively "Defendants"). Plaintiff is and has been proceeding pro se since the inception of this litigation. Although very difficult to follow, it appears that Plaintiff asserted several causes of action. Initially, Plaintiff claimed that the charges brought against her by Taylor and Cofer were false and defamatory. Plaintiff also asserted that the Agreement provided that all charges and related information would be removed from her personnel file, and that this information improperly was given to the State of Georgia. According to the complaint:

The plaintiff agreed to the terms of the resignation in 2002 and resigned. In 2007 [the Plaintiff obtained] employment in Georgia. During her employment in Georgia, Bradley County Schools and Bob Taylor sent all information on the plaintiff, including the multiple statements and charges created by Charlene Cofer that were not true, to Whitfield County, the plaintiff's employer. . . . Ms. Watson lost her employment in Whitfield County as a result of this information being sent to Whitfield County Schools, and the plaintiff's reputation and character were greatly tarnished, as the information about Ms. Watson was publicized in [the] *Dalton Citizen* and on local

television, and her teaching career and opportunity for income destroyed, for this information inferred that the plaintiff was a horrible teacher, an immoral person, and unfit to work with children. . . .

Plaintiff maintained that Taylor failed to follow the policies and procedures set forth in the School Board's policy manual with respect to the information that had been disseminated to Whitfield County, Georgia. Plaintiff did, however, acknowledge in the complaint that she made "some mistakes" due to the fact that her husband, who also was employed by the Bradley County School System, was having an affair with another "female Bradley County teacher." According to Plaintiff, her husband's affair had been going on since 1994 and was allowed to "blossom" by the school system because it failed to correct the situation or otherwise intervene on Plaintiff's behalf. Plaintiff added that there were times when she "should not have been working with students due to the emotional trauma caused by the behavior and mistreatment she endured from her husband, administrators, co-workers, parents and students relating to this extramarital relationship that was acted out on Bradley County school properties."

As a result of the alleged improper conduct, Plaintiff claimed Defendants caused her to lose over $350,000 in income, plus an additional $600,000 in future income. In addition to the lost income, Plaintiff sought $1,000,000 in additional unspecified compensatory damages and $5,000,000 in punitive damages.

Defendants answered the complaint and denied the pertinent allegations contained therein. Defendants admitted that Plaintiff resigned her employment in 2002. Defendants also asserted that Plaintiff's claims were barred by the applicable statute of limitations and that they were immune from suit pursuant to the provisions of the Tennessee Governmental Tort Liability Act.[1]

As this litigation progressed, Defendants subpoenaed Plaintiff for a deposition. Although the subpoena was served on Plaintiff, she failed to appear at the deposition and Defendants filed a petition seeking to have Plaintiff held in contempt and to have the case dismissed for failure to prosecute.

In November 2009, Defendants filed a motion for summary judgment that was supported by Taylor's affidavit as well as other documents. Defendants asserted that each of them was entitled to judgment as a matter of law. Plaintiff opposed the motion.

---

[1] Defendants also asserted defenses based on collateral estoppel and "ref jubicita". Despite our attempt to translate this Latin, we were unable to do so.

Although we have not been provided a copy of the transcript from the hearing on Defendants' motion for summary judgment, a hearing was held. Approximately two days after the hearing, Plaintiff filed an "Addendum to Chief Complaint" claiming Taylor's affidavit filed in support of the motion for summary judgment was defamatory. Plaintiff also sought to add Defendants' attorney as a defendant, claiming he also defamed her at the hearing on the motion for summary judgment.

Based on Plaintiff's filing of the "Addendum to Chief Complaint," Defendants filed a "Rule 11 Motion to Impose Sanctions for Signature of Filing of Initial Lawsuit, Amended Lawsuit and Addendum to Chief Complaint." In this motion, Defendants sought to have sanctions imposed upon Plaintiff for, among other things, filing frivolous documents and seeking to add defense counsel as a party defendant. As a sanction for numerous alleged violations of Tenn. R. Civ. P. 11, Defendants sought dismissal of the lawsuit as well as payment of a minimum of $15,000 in attorney fees and costs.

On April 1, 2010, the Trial Court entered an order declining to rule on the Rule 11 motion and dismissing Plaintiff's complaint in its entirety. According to the Trial Court:

> 1. Plaintiff's causes of action in this case arose sometime around January of 2003 when she resigned from her teaching position within the Bradley County Board of Education.
>
> 2. Under the Tennessee Governmental Tort Liability Act ("TGTLA"), as codified in T.C.A. § 29-20-305(b), a twelve (12) month Statutes (sic) of Limitations governs the claims brought by Plaintiff in this lawsuit against the Defendants who were acting in their official capacity at all times relevant to this lawsuit and during the time the allegations were made by Plaintiff in this lawsuit.
>
> 3. At the latest, Plaintiff's claims began to run for the purpose of the Statute of Limitations on or about January of 2003, when she resigned from her teaching position within the Bradley County Board of Education.
>
> 4. This lawsuit was not filed until December 3, 2008, nearly five (5) years after the expiration of the Statute of Limitations for Plaintiff's claims in her Complaint and Amended Complaint.

5.      At the time Plaintiff's Complaint was filed, the Statute of Limitations against Defendants Charlene Cofer, Robert Taylor, Joy Yates, and the Bradley County Board of Education had already expired.

6.      Even assuming that the correspondence sent to the Whitfield County Sheriff's Department by Mr. Taylor on November 6, 2007, or the letter to Mr. Danny Hayes, Assistant Superintendent of the Whitfield County Schools, on December 7, 2007, could somehow toll or re-open the Statute of Limitations or Plaintiff's right to file the instant lawsuit under an equitable tolling argument, the Court finds that Mr. Taylor's conduct in sending this correspondence to these individuals was performed in response to a court-ordered lawful subpoena.

7.      Mr. Taylor's conduct and actions in this regard were performed as discretionary functions in his official capacity as Director of the Bradley County Board of Education.

8.      Under the TGTLA, and specifically, T.C.A. § 29-2-205, Mr. Taylor is immune from this lawsuit because he was at all times relevant to Plaintiff's allegations performing a discretionary function as Director of the Bradley County school system.

9.      Therefore, even if the Statute of Limitations could, for arguments sake, be "tolled" under some form of equitable tolling argument, or if the transmission of these letters in November and December of 2007 were to somehow "re-open" the case for an additional claim raised by the Plaintiff, this Court finds that Mr. Taylor's exercise of a discretionary function in this regard does not remove the immunity and protection afforded to him under the TGTLA in Section 29-3-205.  Mr. Taylor is therefore immune from liability for the claims brought by Ms. Watson in this case.

10.      Accordingly, Plaintiff's claim that transmission or correspondence by Mr. Taylor in late-2007 is "defamatory" or somehow gives rise to an additional claim against Mr. Taylor or

-8-

the Bradley County Board of Education, is without merit and dismissed accordingly.

11.    Plaintiff's attempt to file an "Addendum to Chief Complaint" on January 22, 2010, is also dismissed because this filing was in violation of Tennessee Rules of Civil Procedure Rule 15.01, in that she failed to obtain leave of Court prior to filing these claims. This ruling makes the amendment a moot point, and the Court finds no merit to these claims as well.

12.    Insofar as the Motion for Rule 11 Sanctions is concerned, this Court has declined to rule specifically on this Motion, and will not make a definitive ruling on this Motion assuming Plaintiff does not file a Notice of Appeal within the thirty (30) day time-period for filing such a notice. If this case is appealed, Defendants shall have the right to raise their Motion for Rule 11 Sanctions on appeal.

13.    At this time, the Court finds that all of Plaintiff's claims in this matter, including her initial Complaint, Amended Complaint, and Addendum to Chief Complaint, shall be dismissed in full with prejudice as to all Defendants, with costs taxed to Plaintiff. . . . (emphasis added)

Plaintiff appeals claiming the Trial Court erred when it granted Defendants' motion for summary judgment. Neither party raises an issue with respect to the Trial Court not ruling on Defendants' motion for Rule 11 sanctions, an issue which, unfortunately, we find dispositive of this appeal.

## Discussion

The Tennessee Rules of Appellate Procedure define an appeal as of right from a final judgment as follows:

In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in Rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the

rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

Tenn. R. App. P. 3(a). The parties to this appeal have not filed an application for an interlocutory appeal pursuant to Rules 9 or 10 of the Rules of Appellate Procedure, and the order appealed from has not otherwise been made final pursuant to the applicable Rules of Civil Procedure.

A final judgment is "one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). "[A]ny trial court order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable as of right." *State ex rel. Garrison v. Scobey*, No. W2007-02367-C0A-R3-JV, 2008 WL 4648359, at *5 (Tenn. Ct. App. Oct. 22, 2008). This Court does not have subject matter jurisdiction to adjudicate an appeal if there is no final judgment. The Tennessee Supreme Court has recognized that "[u]nless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only." *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990). *See also Ruff v. Raleigh Assembly of God Church, Inc.*, 241 S.W.3d 876, 877 at n.1 (Tenn. Ct. App. 2007).

Tenn. R. Civ. P. 11 anticipates that proof may be required to resolve motions filed pursuant to that Rule. Rule 11.03(2) & (3) provide as follows:

(2) Nature of Sanctions; Limitations. A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (a) and (b), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

(a) Monetary sanctions may not be awarded against a represented party for a violation of subdivision 11.02(2).

(b) Monetary sanctions may not be awarded on the court's initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims made by or against the party which is, or whose attorneys are, to be sanctioned.

(3) Order. When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed.

If the Trial Court determines that Rule 11 has been violated and Defendants are entitled to an award of attorney fees and costs, the Trial Court necessarily must hear proof as to the amount of attorney fees and costs that were incurred by Defendants and what award is reasonable. The Trial Court will have to make this determination with respect to each document Defendants claim was filed in violation of Rule 11. As an appellate court, this Court does not hear new evidence and is limited to what is contained in the record. It is not the proper function of this Court to make the initial determination as to whether Plaintiff's conduct below violated Rule 11 and, if so, what is the appropriate remedy. Our role is limited to a review of the determination made by the Trial Court. *Cf. Hood v. Roadtec, Inc.*, 785 S.W.2d 359, 364-65 (Tenn. Ct. App. 1989)("As to the motion by the Defendants that we impose sanctions upon the Plaintiffs and their counsel pursuant to Rule 11 of the Tennessee Rules of Civil Procedure . . . we note that Rule 11 does not apply to the appellate courts. Rule 1, Tennessee Rules of Civil Procedure."). The Trial Court's decision providing for this Court to rule initially on Defendants' Rule 11 motion was error.

Because the Trial Court failed to Rule on Defendants' Rule 11 motion and that motion is still outstanding, there is no final judgment. Without a final judgment, we must dismiss this appeal and remand the case to the Trial Court for resolution of that motion. All other issues necessarily are pretermitted.

## Conclusion

This appeal is dismissed for lack of a final judgment. This case is remanded to the Bradley County Circuit Court for resolution of Defendants' motion for Rule 11 sanctions and for further proceedings as necessary consistent with this Opinion. Costs on appeal are taxed to the Appellant, Trecia G. Watson, and her surety, if any, for which execution may issue, if necessary.

_____
D. MICHAEL SWINEY, JUDGE