# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE

### LUCAS F. McCOMBS v. ANNA M. DAVIDSON

**Appeal from the General Sessions Court for Roane County**
**No. 9048A          Dennis W. Humphrey, Judge**

---

**No. E2011-00237-COA-R3-CV - Filed March 14, 2011**

---

Attorney Brett D. Stokes sought to enforce an attorney's lien and the Trial Court entered an order in November of 2010 granting Attorney Stokes summary judgment and awarding him attorney's fees, among other things. Subsequently, Lucas F. McCombs filed a motion to set aside the order granting summary judgment. The Trial Court entered an order on December 20, 2010, *inter alia*, setting aside the order granting summary judgment, and reserving for later hearing the issues of costs and attorneys fees. We dismiss this appeal for lack of a final judgment.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

D. MICHAEL SWINEY, J., HERSCHEL P. FRANKS, P.J., and JOHN W. MCCLARTY, J.

Brett D. Stokes, Knoxville, Tennessee, Pro se Appellant/Intervenor.

Patricia Donice Butler Kinsey, Harriman, Tennessee, for the Appellee, Anna M. Davidson.

Tom McFarland, Kingston, Tennessee, for the Appellee, Lucas F. McCombs.

Spence Roberts Bruner, Harriman, Tennessee, for the Appellee/Intervenors, Robert McCombs and Susan McCombs.

On February 18, 2011 this Court entered an order directing the appellant, Brett D. Stokes, to show cause why this appeal should not be dismissed as premature. Appellant responded to the show cause order, but the argument presented in the response does not present good cause for maintaining this case in this Court.

The Tennessee Rules of Appellate Procedure define an appeal as of right from a final judgment as follows:

> In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in Rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

Tenn. R. App. P. 3(a).

No party to this appeal has filed an application for an interlocutory appeal pursuant to Rules 9 or 10 of the Rules of Appellate Procedure, and the order appealed from the trial court was not made final pursuant to Tenn. R. Civ. P. 54.02.[2]

---

[1] Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

[2] "Rule 54.02 requires, as a prerequisite to an appeal as of right of an interlocutory order, the certification by the trial judge that the judge has directed the entry of a final judgment as to one or more but fewer than all of the issues of the parties, and that the court has made an express determination that there is no just reason for delay." *In re Estate of Henderson*, 121 S.W.3d 643, 646 (Tenn. 2003).

A final judgment is "one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). "[A]ny trial court order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable as of right." *State ex rel. Garrison v. Scobey*, No. W2007-02367-C0A-R3-JV, 2008 WL 4648359, at *5 (Tenn. Ct. App. Oct. 22, 2008). This Court does not have subject matter jurisdiction to adjudicate an appeal if there is no final judgment. The Tennessee Supreme Court has recognized that "[u]nless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only." *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990). *See also Ruff v. Raleigh Assembly of God Church, Inc.*, 241 S.W.3d 876, 877 at n.1 (Tenn. Ct. App. 2007).

In the present case, the order appealed from is not a final judgment because the Trial Court reserved the issues of costs and attorneys' fees for further hearing. Accordingly, this Court does not have subject matter jurisdiction, and this appeal must be dismissed.

Costs on appeal are taxed to the Appellant, Brett D. Stokes, and his surety, for which execution may issue, if necessary.

PER CURIAM