# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned July 7, 2011

## ANN LAURE CHAMBERLAIN v. JEREMY STEVEN MOORE

**Appeal from the Circuit Court for Hamilton County**
**No. 09D306        Jacqueline Schulten Bolton, Judge**

---

**No. E2011-00697-COA-R3-CV-FILED-JULY 7, 2011**

---

On December 10, 2010 the Trial Court entered an Agreed Order on Parenting Time. Ann Laure Chamberlain ("Appellant") filed a motion to set aside the December 10, 2010 order. On February 28, 2011 the Trial Court entered its order, *inter alia*, denying the motion to set aside, reserving child support matters, and stating that the parties may mediate any remaining issues regarding parenting time. Appellant appeals to this Court. We dismiss this appeal for lack of a final judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

D. MICHAEL SWINEY, J., HERSCHEL P. FRANKS, P.J., and JOHN W. MCCLARTY, J.

Theresa Light Critchfield, Chattanooga, Tennessee, for the Appellant, Ann Laure Chamberlain.

Curtis Lee Bowe, III, Chattanooga, Tennessee, for the Appellee, Jeremy Steven Moore.

On June 9, 2011 this Court entered an order directing the Appellant to show cause why this appeal should not be dismissed as premature. Appellant responded to the show cause order, but the argument presented in the response does not present good cause for maintaining this case in this Court.

The Tennessee Rules of Appellate Procedure define an appeal as of right from a final judgment as follows:

> In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in Rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

Tenn. R. App. P. 3(a).

No party to this appeal has filed an application for an interlocutory appeal pursuant to Rules 9 or 10 of the Rules of Appellate Procedure, and the order appealed from the trial court was not made final pursuant to Tenn. R. Civ. P. 54.02.[2]

A final judgment is "one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645

---

[1] Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

[2] "Rule 54.02 requires, as a prerequisite to an appeal as of right of an interlocutory order, the certification by the trial judge that the judge has directed the entry of a final judgment as to one or more but fewer than all of the issues of the parties, and that the court has made an express determination that there is no just reason for delay." *In re Estate of Henderson*, 121 S.W.3d 643, 646 (Tenn. 2003).

(Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). "[A]ny trial court order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable as of right." *State ex rel. Garrison v. Scobey*, No. W2007-02367-C0A-R3-JV, 2008 WL 4648359, at *5 (Tenn. Ct. App. Oct. 22, 2008). This Court does not have subject matter jurisdiction to adjudicate an appeal if there is no final judgment. The Tennessee Supreme Court has recognized that "[u]nless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only." *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990). *See also Ruff v. Raleigh Assembly of God Church, Inc.*, 241 S.W.3d 876, 877 at n.1 (Tenn. Ct. App. 2007).

Appellant asserted in her response to the show cause order that the order from which she appealed, i.e., the February 28, 2011 order, is a final order because it "permanently defines the parties' rights related to custody and parenting." She further asserted that the issue of child support has been resolved, and cited to the October 28, 2009 order of the Trial Court with regard to child support. Appellant, however, argued in her motion to set aside the December 10, 2010 Agreed Order on Parenting Time filed in the Trial Court that the order "did not have any provision for child support…" and further that it lacked other necessary items including a designation of primary resident parent, and allocation of decision making authority with regard to the minor child, among other things.

The order appealed from in this case is not a final judgment because the Trial Court reserved the issue of child support for the parties to resolve through mediation or to present on motion to the Trial Court. The Trial Court further stated that the "parties may mediate any remaining issues regarding parenting time which may be in dispute," which implies that issues regarding parenting time also remain to be determined. Accordingly, this Court does not have subject matter jurisdiction, and this appeal must be dismissed.

Costs on appeal are taxed to the Appellant, Ann Laure Chamberlain, and her surety, for which execution may issue, if necessary.

PER CURIAM