# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE

## NORMA O'NEAL v. NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, ET AL.

### Appeal from the Circuit Court for Hamilton County
### No. 10C869

### No. E2012-00028-COA-R3-CV - Filed July 25, 2012

On May 23, 2012, this Court entered an order directing Nationwide Mutual Fire Insurance Company ("Defendant") to show cause why this appeal should not be dismissed as premature. Defendant responded to the show cause order and admitted that claims under the Tennessee Consumer Protection Act remain outstanding. We dismiss this appeal for lack of a final judgment.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

D. MICHAEL SWINEY, J., HERSCHEL P. FRANKS, P.J., and JOHN W. MCCLARTY, J.

Mark Litchford and Tonya Kennedy McIntosh Cammon, Chattanooga, Tennessee, for the Appellant, Nationwide Mutual Fire Insurance Company.

Hubert E. Hamilton and Thomas H. O'Neal, Chattanooga, Tennessee, for the Appellee, Norma L. O'Neal.

# MEMORANDUM OPINION[1]

Defendant responded to this Court's show cause order and admitted that Plaintiff's demand for attorney's fees was made under the Tennessee Consumer Protection Act, and that the Trial Court bifurcated the issue of the claims under the Tennessee Consumer Protection Act from the contract and bad faith claims. The contract and bad faith claims were tried before a jury. The claims under the Tennessee Consumer Protection Act have not yet been tried or otherwise disposed of.

The Tennessee Rules of Appellate Procedure define an appeal as of right from a final judgment as follows:

> In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in Rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

Tenn. R. App. P. 3(a).

No party to this appeal has filed an application for an interlocutory appeal pursuant to Rules 9 or 10 of the Rules of Appellate Procedure, and the order appealed from the trial court was not made final pursuant to Tenn. R. Civ. P. 54.02.[2]

---

[1] Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

[2] "Rule 54.02 requires, as a prerequisite to an appeal as of right of an interlocutory order, the certification by the trial judge that the judge has directed the entry of a final judgment as to one or more but fewer than all of the issues of the parties, and that the court has made an express determination that there is no just reason for delay." *In re Estate of Henderson*, 121 S.W.3d 643, 646 (Tenn. 2003).

A final judgment is "one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). "[A]ny trial court order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable as of right." *State ex rel. Garrison v. Scobey*, No. W2007-02367-C0A-R3-JV, 2008 WL 4648359, at *5 (Tenn. Ct. App. Oct. 22, 2008). This Court does not have subject matter jurisdiction to adjudicate an appeal if there is no final judgment. The Tennessee Supreme Court has recognized that "[u]nless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only." *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990). *See also Ruff v. Raleigh Assembly of God Church, Inc.*, 241 S.W.3d 876, 877 at n.1 (Tenn. Ct. App. 2007).

In the present case, because the claims under the Tennessee Consumer Protection Act have not been dealt with, the order appealed from is not a final judgment. Accordingly, this Court does not have subject matter jurisdiction, and this appeal must be dismissed.

Costs on appeal are taxed to the Appellant, Nationwide Mutual Fire Insurance Company, and its surety, for which execution may issue, if necessary.


PER CURIAM

-3-