# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE

### ESMAT ESLAMI v. MARK DERRICK, ET AL.

**Appeal from the Circuit Court for Hamilton County**
**No. 12C385          W. Neil Thomas, III, Judge**

---

**No. E2012-01200-COA-R3-CV-FILED-DECEMBER 3, 2012**

On June 6, 2012, Esmat Eslami ("Plaintiff") filed a notice of appeal of an order entered by the Trial Court on May 9, 2012. On November 5, 2012, this Court entered an order directing Plaintiff to show cause why this appeal should not be dismissed as premature. Plaintiff did not respond to the show cause order. We dismiss this appeal for lack of a final judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

D. MICHAEL SWINEY, J., CHARLES D. SUSANO, JR., J., and JOHN W. MCCLARTY, J.

Danny Ray Ellis, Chattanooga, Tennessee, for the Appellant, Esmat Eslami.

Robert W. Briley, Nashville, Tennessee, for the Appellees, Mark Derrick and Songbird Enterprises.

**MEMORANDUM OPINION[1]**

---

[1] Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a
(continued...)

The Trial Court Clerk has advised this Court that the order appealed from does not resolve any part of the action below that was filed by the Plaintiff on behalf of the minor plaintiff, Shaydu Hinduwash. As such, the order appealed from is not final because it does not dispose of all claims, defenses, and issues of all of the parties, and was not certified as final pursuant to Tenn. R. Civ. P. 54.02. This Court entered an order on November 5, 2012 directing Plaintiff to show cause why this appeal should not be dismissed. Plaintiff failed to respond to this show cause order.

The Tennessee Rules of Appellate Procedure define an appeal as of right from a final judgment as follows:

> In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in Rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

Tenn. R. App. P. 3(a).

No party to this appeal has filed an application for an interlocutory appeal pursuant to Rules 9 or 10 of the Rules of Appellate Procedure, and the order appealed from the trial court was not made final pursuant to Tenn. R. Civ. P. 54.02.[2]

A final judgment is "one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645

---

[1] (...continued)
formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

[2] "Rule 54.02 requires, as a prerequisite to an appeal as of right of an interlocutory order, the certification by the trial judge that the judge has directed the entry of a final judgment as to one or more but fewer than all of the issues of the parties, and that the court has made an express determination that there is no just reason for delay." *In re Estate of Henderson*, 121 S.W.3d 643, 646 (Tenn. 2003).

(Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). "[A]ny trial court order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable as of right." *State ex rel. Garrison v. Scobey*, No. W2007-02367-C0A-R3-JV, 2008 WL 4648359, at *5 (Tenn. Ct. App. Oct. 22, 2008). This Court does not have subject matter jurisdiction to adjudicate an appeal if there is no final judgment. The Tennessee Supreme Court has recognized that "[u]nless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only." *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990). *See also Ruff v. Raleigh Assembly of God Church, Inc.*, 241 S.W.3d 876, 877 at n.1 (Tenn. Ct. App. 2007).

In the present case, the order appealed from is not a final judgment. Accordingly, this Court does not have subject matter jurisdiction, and this appeal must be dismissed.

Costs on appeal are taxed to the Appellant, Esmat Eslami, and her surety, for which execution may issue, if necessary.


PER CURIAM